385 So.2d 943 (1980)
MISSISSIPPI STATE BAR
v.
Rubel L. PHILLIPS.
Misc. No. 778.
Supreme Court of Mississippi.
April 2, 1980.
On Application to Modify Previous Opinion May 14, 1980.
Jimmy L. Miller, Jackson, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Robert C. Cannada, Alan W. Perry, Heidelberg, Woodliff & Franks, George F. Woodliff, Jackson, for appellee.
EN BANC.
LEE, Justice, for the Court:
Rubel L. Phillips [Phillips] was convicted of a felony [nine (9) counts] in the United States District Court for the Southern District of New York, and judgment was entered therein on March 11, 1977. A certified copy of the judgment was received by the Mississippi State Bar [The Bar] and, pursuant to Mississippi Code Annotated Section 73-3-339 (Supp. 1979), he was suspended from the practice of law, pending appeal and final disposition of disciplinary proceedings. The judgment of the U.S. District Court was affirmed by the Second Circuit Court of Appeals on February 2, 1978, U.S. v. Stirling, 571 F.2d 709, and certiorari to the United States Supreme Court was denied, 439 U.S. 824, 99 S.Ct. 93, 58 L.Ed.2d 116. Subsequently, a Complaint Tribunal of The Bar was organized, an evidentiary hearing was held, and on September 4, 1979, an order was entered by the Complaint Tribunal suspending Phillips from the practice of law for a period of three (3) years and six (6) months from and after April 20, 1977, suspending one (1) year of the suspension due to his incarceration, *944 and providing that the suspension terminate October 20, 1979. The Bar appeals from that order.
The question presented before this Court is whether or not Phillips should be disbarred, rather than suspended.
Phillips was indicted and convicted, along with four (4) other individuals, on nine (9) counts of deceiving, and conspiring to defraud the United States Government. He was sentenced on each of Counts (1) through (8) to ten (10) months imprisonment, the sentences running concurrently with each other, and was fined five thousand dollars ($5,000), on each of said counts, also to run concurrently. Imposition of sentence as to Count (9) was suspended. Phillips was also placed on probation for a period of one (1) year to commence upon release from confinement.
The Bar offered in evidence a stipulation of the parties and rested. The stipulation included copies of the indictment, judgment of the U.S. District Court, charge of the court to the jury, Phillips' brief in support of his motion for a new trial filed in the U.S. District Court, brief of the United States Government filed in response to Phillips' motion for a new trial, briefs by Phillips and the United States Government in the appeal to the Second Circuit Court of Appeals, and a statement that the judgment of the U.S. District Court for the Southern District of New York was affirmed by the U.S. District Court of Appeals for the Second Circuit and that the Supreme Court of the United States denied Phillips' Petition for Writ of Certiorari. Evidence for Phillips was addressed to an explanation of the facts in connection with his conviction and was in mitigation thereof.
The parties discuss in their briefs Mississippi Code Annotated Sections 73-3-41 and 73-3-53 (1972), both sections being carried forward from Hutchinson's Code of 1848. The first section provides that in the event any person (attorney) has been or should thereafter be convicted of a felony, manslaughter excepted, the court in which he had been convicted shall enter an order disbarring such convict. The second section provides that, if any lawyer is guilty of any deceit or malpractice or misbehavior or shall wilfully violate his duties, he shall be stricken from the roll and disbarred. The Bar argues that the statutes apply and, in themselves, require the disbarment of Phillips, while Phillips contends to the contrary. It is not necessary for us to discuss those statutes, since we hold that, in the present case, Mississippi Code Annotated Section 73-3-301 et seq. (Supp. 1979) followed by the tribunal, apply here.
Phillips contends that the Complaint Tribunal has discretion in arriving at, and entering, its judgment and that the same may not be set aside or changed unless the tribunal has acted arbitrarily and capriciously. He cites Mississippi Code Annotated Section 73-3-327 (Supp. 1979), which sets forth:
"At the conclusion of the hearing the complaint tribunal, upon the majority vote of the members of such tribunal, shall render a written opinion incorporating a finding of fact and a judgment thereon. The judgment of the complaint tribunal may provide the following:
(a) Exonerate the accused attorney and dismiss the complaint.
(b) Reprimand and admonish the attorney, as provided in section 73-3-319(b) of this act.
(c) Suspend the attorney from the practice of law for any period of time.
(d) Permanently disbar the attorney."
Attorneys admitted, or permitted, to practice law in this state are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court of Mississippi. Disciplinary agencies such as the Complaint Tribunals appointed by the Supreme Court are established and designated to implement and carry out such disciplinary action.[1]
Mississippi Code Annotated Section 73-3-329 (Supp. 1979) provides that either party may appeal from an order of the Complaint Tribunal. On appeal, the following subsections are significant:

*945 "(4) The record on appeal shall consist of the formal complaint, all other pleadings, the transcript of the testimony and the written opinion and judgment of the complaint tribunal.
(5) On appeal, the court may review all of the evidence and the law and the findings and conclusions of the complaint tribunal and it may make such findings and conclusions and render such order as it may find to be appropriate based upon the whole record." (Emphasis added)
In Mississippi State Bar Association v. Wade, 250 Miss. 625, 167 So.2d 648 (1964), the Court had before it the petition of Wade for reinstatement, after having been disbarred from the practice of law. Sections 8714, 8715, and 8716, Mississippi Code Annotated (1942) provided the procedures. Section 8715 was carried forward in identical language to Mississippi Code Annotated Section 73-3-155 (1972), which was repealed by Ch. 566, § 29 [1974] Miss. Gen. Laws 808, at 821.
The above sections provided that, in matters of disbarment and reinstatement to practice law, the Supreme Court shall consider the evidence in the case as disclosed by the record and such other evidence as it may deem necessary for the administration of justice, and shall decide all questions of law and fact, and render final judgment as to the disbarment, suspension and/or reinstatement, as the case may be. The sections further provided:
"The rule that the supreme court will not reverse the judgment of the lower court on a question of fact unless it affirmatively appears upon the face of the record that the cause was decided contrary to the evidence shall not apply in cases arising under this article, but the supreme court shall be the final judge of the facts, and the judgment to be rendered thereon." Miss. Code Ann. § 73-3-155 (1972).
However, under the then procedure for disbarring attorneys, the Board of Bar Commissioners, when proof was presented to it indicating an attorney had violated the rules of conduct, instituted disciplinary proceedings in the circuit or chancery court of the county in which the accused resided. The complaint was then heard and acted upon by the court. Under present procedure, the complaint is heard by a Complaint Tribunal and the appeal is direct to the Supreme Court. In Wade, the Court said:
"At the outset, `The rule that the Supreme Court will not reverse the judgment of the lower court on a question of fact unless it affirmatively appears upon the face of the record that the cause was decided contrary to the evidence shall not apply in cases arising under this act, but the Supreme Court shall be the final judge of the facts, and the judgment to be rendered thereon,' ..." 250 Miss. at 628-29, 167 So.2d at 649.
We think that subsection (5), Mississippi Code Annotated Section 73-3-329 (Supp. 1979), is no less plain than the statutes of the Mississippi Code of 1942 and 1972 and that the section does not diminish the inherent power of the Mississippi Supreme Court in such matters, but, rather, enhances it. We are of the opinion that the rule applicable to administrative agencies to the effect their orders must be affirmed unless (1) they are arbitrary and capricious, and (2) are not supported by substantial evidence, and the rule that, as in chancery court, the chancellor will not be reversed on the facts, unless he is manifestly wrong, do not apply in the case sub judice and to the question here. We hold that, on appeal, this Court reviews the evidence, the law, the findings and conclusions of the Complaint Tribunal, and then renders such order as the Court may find to be appropriate, based upon the entire record.
The indictment, conviction and sentence of Phillips in the U.S. District Court for the Southern District of New York, and affirmance of the judgment by every appellate court through the United States Supreme Court, are confessed. We are bound to give full faith and credit to judgments of our sister states and the federal system, even to the recitation of facts in decisions of their appellate courts. In United States v. Stirling et al., 571 F.2d 708 (2d Cir.1978) (Rubel Phillips appeal), the Second Circuit Court of Appeals said:

*946 "In late 1970, appellant Rubel Phillips, a Mississippi attorney, helped organize on Homex's behalf a group of Mississippi citizens into a non-profit public benefit corporation that would be eligible for federal, state and local financing of housing projects. The corporation was called the Greater Gulf Coast Housing Development Corporation (`Greater Gulf'). In December, 1970, Greater Gulf and Homex entered into two agreements. The first for $100 million, called for the construction of a 5,000-unit housing project over a 6-year period, and was conditioned upon the modules being constructed in a Mississippi factory. The second, for $15 million, called for the construction of an 800-unit modular housing project over an 18-month period. These agreements, however, were effectively worthless unless and until Greater Gulf was successful in obtaining a funding commitment from appropriate government agencies.
* * * * * *
Appellant Phillips, the central figure in the Mississippi Greater Gulf scheme, argues that the district court erred by refusing to grant his mid-trial Rule 14 motion to sever his trial from that of the other defendants. Essentially, he claims that the indictment charged, and the evidence showed, multiple conspiracies rather than a single conspiracy; that he was, at most, involved in only one of those conspiracies; and that the forced combination of his trial with that of the others operated to his substantial prejudice. We disagree.
* * * * * *
Phillips was charged with playing a significant and knowing role in the advancement of the objective of the conspiracy. Although he was not charged with having participated in every detail of that conspiracy, we have no doubt that he was properly tried with the other conspirators. He played the key role in orchestrating the most blatant misrepresentation in the entire Homex drama, the Greater Gulf project. The public interest in avoiding unnecessarily multiplicious litigation was well-served by the district court's decision. We hold that Phillips was not prejudiced by the denial of the motion nor was its denial an abuse of discretion." 571 F.2d at 719-20, 732, 733.
Mississippi Code Annotated Section 73-3-339 (Supp. 1979) provides that a certified copy of the final judgment of conviction of an attorney in a state court or federal court of any felony (other than manslaughter or any violation of the United States Internal Revenue Code), or of any offenses involving fraud, dishonesty, misrepresentation, deceit, failure to account for money or property of a client, or of any offense involving moral turpitude, shall be conclusive evidence of his guilt of that offense in any disciplinary proceeding instituted against him and based on such conviction.
The law is the greatest single force in society. Members of the law profession, which includes judges and attorneys, have a high responsibility and an important duty to maintain inviolate those standards of conduct without which the profession cannot survive. Unethical activities on the part of some members of the law profession breed public disrespect for it, the members thereof, and the law. Discipline is essential and, thus, the reason for the recognition that the Supreme Court of Mississippi has inherent power to see that appropriate discipline is administered after a proper complaint. We hold that, on the complaint sub judice where Phillips was convicted in the U.S. District Court for the Southern District of New York, on nine (9) felony counts, involving moral turpitude, appropriate discipline should be, and is, disbarment.
Therefore, the order of the Complaint Tribunal is vacated and judgment is entered here disbarring Rubel L. Phillips from the practice of law in the State of Mississippi.
ORDER OF COMPLAINT TRIBUNAL VACATED AND JUDGMENT ENTERED HERE.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER and BROOM, JJ., concur.
ROBERTSON, P.J., and BOWLING and COFER, JJ., dissent.
*947 ROBERTSON, Presiding Justice, dissenting:
I respectfully dissent from this Court's opinion, reversing the decision of the Complaint Tribunal suspending Rubel L. Phillips from the practice of law, and the disbarring of him by this Court.
I am of the opinion that this Court should have affirmed the decision of the Complaint Tribunal suspending Phillips from the practice of law from April 20, 1977, to October 20, 1979. I think the Tribunal's decision is supported by the law and the evidence adduced at the hearing before the Tribunal.
Whether he is suspended or disbarred, he must file a Petition for Reinstatement with this Court and be thoroughly investigated, as provided in Mississippi Code Annotated section 73-3-337 (Supp. 1979). The only difference is that if we affirmed the judgment of suspension which terminated on October 20, 1979, he could immediately file his Petition for Reinstatement, while if he is disbarred he must wait three years from the date of the judgment disbarring him before he can petition for reinstatement.
Since Phillips was a resident attorney in the Central Supreme Court District, his case was referred by this Court for hearing to the Complaint Tribunal for the Southern Supreme Court District. The pleadings, stipulations and testimony fill three volumes, containing 513 pages.
The sole assignment of error of the appellant, Mississippi State Bar, is:
"The Tribunal erred in not imposing disbarment."
Appellant's main point was summarized in its brief in this way:
1. Disbarment of Appellee was required for either one or both of two reasons: A] The type of conduct involved in his conviction and B] he was convicted of a felony.
The Bar frankly admits that its case is based on two old statutes which have come forward unchanged since 1848 and which were not expressly repealed by the new comprehensive disciplinary law [Mississippi Code Annotated §§ 73-3-301 et seq. (Supp. 1979)]. These two statutes provide:
§ 73-3-41. Convicts of felony disqualified.
Every person who has been or shall hereafter be convicted of felony, manslaughter excepted, shall be incapable of obtaining a license to practice law; or, if already licensed, the court in which he shall have been convicted shall enter an order disbarring such convict. [Emphasis added].
§ 73-3-53. Penalty for misconduct.
If any attorney or counselor at law be in default of record, or otherwise guilty of any deceit, malpractice or misbehavior, or shall wilfully violate his duties, he shall be stricken from the roll and disbarred, and his license revoked by any court in which he may practice; and such person shall never afterward be permitted to act as an attorney or counselor in any court in this state.
The Bar contended before the Tribunal and now contends here that neither the Tribunal nor this Court has any leeway or flexibility in imposing judgment, that if an attorney was convicted of a felony in this state or any of the other 49 states, the Complaint Tribunal must automatically disbar. The Bar continues to press this argument in spite of the fact that the new comprehensive disciplinary law specifically provides:
§ 73-3-327. Complaint tribunal  written opinion  judgment.
At the conclusion of the hearing the complaint tribunal, upon the majority vote of the members of such tribunal, shall render a written opinion incorporating a finding of fact and a judgment thereon. The judgment of the complaint tribunal may provide the following: [Emphasis added].
(a) Exonerate the accused attorney and dismiss the complaint.
(b) Reprimand and admonish the attorney, as provided in section 73-3-319(b) of this act.
(c) Suspend the attorney from the practice of law for any period of time.

*948 (d) Permanently disbar the attorney.
The Bar offered in evidence a stipulation of the parties and rested. The majority opinion described the stipulation in this way:
"The stipulation included copies of the indictment, judgment of the U.S. District Court, charge of the court to the jury, Phillips' brief in support of his motion for a new trial filed in the U.S. District Court, brief of the United States Government filed in response to Phillips' motion for a new trial, briefs by Phillips and the United States Government in the appeal to the Second Circuit Court of Appeals, and a statement that the judgment of the U.S. District Court for the Southern District of New York was affirmed by the U.S. District Court of Appeals for the Second Circuit and that the Supreme Court of the United States denied Phillips' Petition for Writ of Certiorari."
The remainder of the voluminous record is composed of the testimony of witnesses for Phillips.
Joseph H. Hennessey, a partner in the law firm of Lovett, Ward and Hennessey, of Washington, D.C., and a former chairman of the Ethics and Grievances Committee of the Federal Communications Bar Association, testified for Phillips. Hennessey was employed by Dixie National Broadcasting Corporation, of which Phillips was a member, to secure a permanent license to operate Station WLBT, TV Channel 3 in Jackson, Mississippi. A rival group organized by the United Church of Christ, with Kenneth Dean as President and W.T. Richardson as a member, succeeded in getting an interim license from the Federal Communications Commission. United Church of Christ funded and was instrumental in founding and maintaining the interim operation which has gone on for ten years while the bitter, long-drawn-out, fight before the Federal Communications Commission has been going on. The gist of his testimony was that Phillips was caught in the internecine fighting between these two rival groups, and was largely convicted on the testimony of W.T. Richardson, who was also a high official in the Farm Home Administration. Richardson changed his testimony several times under pressure after he had been promised governmental immunity for his testimony.
Michael B. Mukasey, an attorney of New York City, who was lead defense counsel for Phillips in his trial before the United States District Court for the Southern District of New York, testified that guilt by association was the main reason for Phillips' conviction. His testimony was that the evidence against the other four defendants, all residents of New York City, with whom Phillips was associated for a little over a year, was overwhelming. These four defendants were full-time officers and directors of Stirling Homex Corporation, the parent corporation. Mukasey's statement before the Complaint Tribunal was:
"He [Phillips] was joined for trial with a large number of people with whom he had very little acquaintance when he met them, with whom he had no association with most of their enterprises, and with whom, I believe then, and I believe now, that he was improperly joined. I believe that was what was primarily responsible for the verdict in this case, as well as the jury's simple inclination to go along snowball style with what was suggested by the government."
The other witnesses were those who had personally known Phillips for many years and testified as to his good character. They were:
Erskine W. Wells, a past president of the Mississippi State Bar Association and an attorney of Jackson, Mississippi;
Orma R. Smith, Jr., an attorney of Corinth, Mississippi, where Phillips was born and raised;
Reverend John R. Claypool, pastor of Northminster Baptist Church of Jackson, who was and still is Phillips' pastor;
James Herman Hines, Chairman of the Board of Deposit Guaranty National Bank, who had known Phillips for thirty years;
Dr. George D. Purvis, an orthopedic surgeon, and an active fellow church worker with Phillips for the past fourteen years;
*949 Zack Taylor, Jr., an insurance executive of Jackson, a fellow church member, who had worked closely with Phillips in the church and in insurance matters;
Jerome Steen, an attorney of Jackson since 1960, who testified that if he had a conflict of interest as to his best client he would unhesitatingly refer him to Rubel Phillips for representation;
George P. Hewes, III, an attorney of Jackson, Mississippi, who has known Phillips for 25 years and who had practiced law before Phillips when he was Chairman of the Mississippi Public Service Commission, and who had also worked with him on the Board of St. Andrews Episcopal Day School;
Sam Wilkins, an attorney of Jackson, who had known Phillips for a number of years. He testified that he had defended a good many conspiracy cases and that if you have several bad guys and one good guy involved in a conspiracy case, inevitably they are all going to be found guilty, regardless of the facts; and, finally,
Robert R. Perry, who first practiced law with Phillips as a member of the firm of Overstreet, Kuykendall, Perry and Phillips which later became the law firm of Perry, Phillips, Crockett and Morrison.
Jimmy L. Miller, complaint counsel for the Bar, made this statement when both sides had rested:
"Your Honor, I really have no summation except they did a pretty good job of retrying a criminal case.
"The Bar's position is it is still a felony, and the natural consequences must flow from it." [Emphasis added].
The majority opinion, while holding that Sections 73-3-301 et seq. apply, appears to me to be reverting back to the two 1848 statutes (§§ 73-3-41 and 73-3-53) for its authority in holding that, because Phillips was convicted of a felony, which conviction was affirmed, no matter what the testimony was before the Complaint Tribunal, disbarment was mandated by the law. In my opinion, the majority has lost sight of the fact that Phillips has paid the price for his misconduct, he has served his sentence, and the Complaint Tribunal and this Court is now concerned primarily with what further discipline (not punishment) should be imposed.
The intent and purpose of the Legislature in enacting into law Mississippi's new comprehensive disciplinary act (Chapter 566 of the 1974 General Laws of Mississippi) is clearly and succinctly expressed in its title:
"AN ACT to establish a more effective disciplinary procedure for lawyers; to provide for hearing and appeal; to allow for suspension, disbarment and restoration and to state the grounds therefor; to recognize the inherent power of the judicial branch of government; to determine the qualifications for the continuance of the practice of law; to amend Section 73-3-143; to repeal Sections 73-3-147, 73-3-149, 73-3-151, 73-3-153, 73-3-155, 73-3-157, 73-3-159, 73-3-161, 73-3-163, 73-3-165, 73-3-167 and 73-3-169, Mississippi Code of 1972, which contain the present procedures for discipline; and for related purposes." [Emphasis added].
A comprehensive title is required by Section 71, Mississippi Constitution of 1890, which provides:
"Every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject matter, or matters, of the proposed legislation."
Section 73-3-339 provides in part:
"Upon the conviction of an attorney, or the entry by him of a plea of nolo contendere, for the above offenses, excluding manslaughter or any violation of the United States Internal Revenue Code, the board of commissioners shall immediately direct complaint counsel to institute a disciplinary proceeding in which the sole issue to be determined will be the extent of the final discipline to be imposed; ..." [Emphasis added].
Section 73-3-341, which covers disbarment or suspension in another state, provides, among other things:
"The sole issue to be determined in the disciplinary proceeding in this state shall *950 be the extent of the final discipline to be imposed on said attorney, which may be less or more severe than the discipline imposed by the other jurisdiction." [Emphasis added].
To me, this simply means that neither the Complaint Tribunal nor this Court is hide-bound to disbar an attorney solely because he was convicted of a felony and disbarred in a sister state.
I find fault also with the rule laid down in the majority opinion that we will apply a stricter rule of evidence in an appeal from the decision of a Complaint Tribunal, which is composed of three qualified and trained lawyers, than we apply in an appeal from an administrative agency where we have said that the order of an administrative agency must be affirmed unless it is (1) arbitrary and capricious, or (2) not supported by substantial evidence. Administrative agencies are usually composed of laymen, and appeals from such agencies are usually on bills of exception. The law provides for a full transcript of proceedings before a Complaint Tribunal. Section 73-3-325 provides in part:
"All hearings by a complaint tribunal shall be a full evidentiary hearing, conducted on an adversary basis. The rules of evidence and procedure applicable to and followed by the chancery courts of Mississippi shall apply to such hearings. A duly qualified court reporter shall be in attendance and shall make a full and complete transcript of the proceedings." [Emphasis added].
Is the "full evidentiary hearing", required by Section 73-3-325, a mere charade, "going through the motions" of a hearing, where the end result has already been predetermined by another court in another state? I think not.
Surely the Complaint Tribunal is entitled to consider the evidence adduced at the "full evidentiary hearing" before it, and to consider matters in extenuation or mitigation and the fact that the accused attorney has served his full sentence and has paid the full penalty imposed upon him.
Section 73-3-339 also provides:
"[H]owever, a disciplinary proceeding so instituted shall not be brought to hearing until all appeals from such conviction have been concluded."
The requirement that the "full evidentiary hearing", mandated by Section 73-3-325, not be conducted "until all appeals from such conviction have been concluded" means to me that the Complaint Tribunal is entitled to consider the fact that the accused attorney has been convicted of a felony and that the conviction has been affirmed, along with all the other evidence adduced at the "full evidentiary hearing" before it. Then only does the Complaint Tribunal make up its collective mind from a consideration of all the evidence, and fulfill its solemn duty and responsibility of determining "the extent of the final discipline to be imposed."
Considered in this light, I think there was ample evidence supporting the decision of the Complaint Tribunal and that its decision should be affirmed.
I, therefore, dissent.
BOWLING and COFER, JJ., join in this dissent.

ON APPLICATION TO MODIFY PREVIOUS OPINION
Disbarment of Rubel Phillips was ordered by this Court based on an opinion handed down on April 2, 1980. Now he has filed a petition for rehearing, which makes no challenge of the content of the opinion as written. Phillips asserts that the Court should "specify a date from which the three year period of time will run before this Appellee can file a Petition for Reinstatement." We here treat his petition as being in actuality an application to modify our previous opinion, and our judgment is that modification will be appropriate.
The application before us asserts that under Mississippi Code Annotated § 73-3-337 *951 (1972)[1] Phillips is entitled to petition for reinstatement within three (3) years from the date of his conviction in a federal court in the State of New York on March 11, 1977. We are urged to order that the three year period runs from that date.
As stated in our opinion previously handed down in this cause, the Complaint Tribunal should have disbarred Phillips by its order dated September 4, 1979. Upon the peculiar facts of this case, our conclusion is that the three year period under § 73-3-337, supra, will run from and after September 4, 1979 rather than from the date on which Phillips was originally convicted (or any other suggested date) in a federal court trial which transpired in the State of New York.
APPLICATION FOR MODIFICATION OF PREVIOUS OPINION GRANTED.
All Justices concur.
NOTES
[1] Mississippi Code Annotated Sections 73-3-301 and 73-3-303 (Supp. 1979).
[1] The statute reads in part: "Any time after the expiration of three (3) years from and after the date of the final judgment of disbarment, the convicted attorney may petition the court for reinstatement."