Rubel L. Phillips has petitioned this Court for reinstatement as a member of the Mississippi State Bar.
On April 2, 1980, the Court vacated an order of a Complaint Tribunal of the Mississippi State Bar suspending Phillips from the practice of law for three years six months beginning April 20, 1977, and providing that the suspension terminate October 20, 1979.[1] An opinion and judgment were rendered here disbarring him from the practice of law in the State of Mississippi.Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss. 1980). On May 14, 1980, the opinion was modified to the extent that Phillips would be entitled to petition for reinstatement three years from and after September 4, 1979, date of the Complaint Tribunal order (385 So.2d at 950).
The pertinent parts of Mississippi Code Annotated § 73-3-337
(Supp. 1982), on reinstatement of attorneys follow:
 Any time after the expiration of three (3) years from and after the date of the final judgment of disbarment, the convicted attorney may petition the court for reinstatement. The petition shall be in writing and verified by the petitioner, and it shall set forth the full name, age, residence and mailing address of the petitioner, the offense or misconduct for which he was disbarred, a concise statement of the facts claimed to justify restoration and that he has made full amends and restitution to all persons, firms or legal entities, naming them, who may have suffered pecuniary loss by reason of the misconduct or offense for which he was disbarred. . . .
 * * * * * *
 If the court is satisfied that all material allegations of the petition for reinstatement are true and that the ends of justice will be served, the court may reinstate the convicted attorney and enter judgment accordingly; provided, however, no judgment of reinstatement shall be entered by default or on an ex parte basis, and in all cases the court shall hear the Mississippi State Bar and may hear any party named in the petition. (Emphasis added)
Phillips' petition for reinstatement sets out that he fully complied with the requirements of the statute; that no claims have been made, or are contemplated, for restitution of money; that he has conducted himself in a manner beyond criticism; that he has been able to obtain employment and has supplied the needs of his family; that he has continued to be active in community and civic activities and has been a good citizen during the period of his disbarment; and that, if he is reinstated, he will be a valuable member of the Mississippi State Bar in the future and will conduct himself in such way as to be a credit to the Mississippi State Bar and to the State of Mississippi.
The Mississippi State Bar has responded to the petition and has admitted all of the averments and the facts set forth therein. The response further states that the petition of Rubel L. Phillips for reinstatement as a member of the Mississippi State Bar is not opposed, but suggests that this Court consider whether or not Mississippi Code Annotated §§ 73-3-41, -337 and -339 (Supp. 1982) are in conflict.
In Mississippi State Bar v. Phillips, supra, we held that Mississippi Code Annotated § 73-3-301, et seq., (Supp. 1979), followed by the Complaint Tribunal, apply in this case, rather than Mississippi Code Annotated §§ 73-3-41 and 73-3-53 (Supp. 1982), which sections have been carried forward from Hutchinson's Code of 1848. We reiterate that holding here.
Cases involving the question of reinstatement prior to the 1974 statute are limited and this is the first reported case since adoption of that statute. In State Bar Association v. Wade,250 Miss. 625, 167 So.2d 648 (1964), a criminal conviction was not the *Page 1382 
basis of the disbarment. The lower court granted reinstatement, but this Court reversed, stating that it was not bound by the lower court's decision. In Ex parte Marshall, 165 Miss. 523,147 So. 791 (1933), the Court affirmed the lower court's decision granting reinstatement. The opinion did not indicate that conviction of a crime was involved. The Court said:
 A court in such a proceeding, is not administering punishment; it is passing upon character. We do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life evidenced by outward manifestations sufficient to convince a reasonable mind clearly that the person has reformed is only required. In restoring a disbarred attorney, the principal question is whether that particular attorney would be safe to assist in administering justice, if readmitted; and the effect of his readmission upon the conduct of others, while important, is a subsidiary consideration. [165 Miss. at 556, 147 So. at 798].
Since we are of the opinion that Mississippi Code Annotated §§73-3-301, et seq. (Supp. 1979), and, particularly, Section73-3-337 (Supp. 1974), apply in the case sub judice; that the statute has been fully complied with by Phillips; and, in view of the fact that the Mississippi State Bar has admitted all the averments and facts of the petition, and does not oppose same; it is the judgment of this Court that Rubel L. Phillips should be, and he is hereby, reinstated to the practice of law in the State of Mississippi.
PETITIONER REINSTATED TO THE PRACTICE OF LAW.
All Justices concur.
[1] One year of the suspension was suspended due to his incarceration.