SULLIVAN, Justice,
for the Court:
On September 10, 1980, Petitioner McIntosh was convicted in the United States District Court for the Northern District of Mississippi for violating Section 1001 of Title 18, of the United States Code, which pertains to the filing of false information before the United States Government.
On October 20, 1980, a formal complaint seeking disbarment was filed pursuant to Mississippi Code Annotated § 73-3-339 (Supp.1980), and assigned Confidential Mise. No. 75.
On December 3, 1980, a second formal complaint was filed against the petitioner, alleging that he was guilty of unprofessional or-unethical conduct in his representation of Annie C. Rippie. This complaint was assigned Confidential Mise. No. 77.
We consolidated Confidential Mise. Nos. 75 and 77 for consideration. Petitioner McIntosh filed an entry of appearance and plea of nolo contendere to the allegations in Confidential Mise. Nos. 75 and 77 and a consent order of disbarment was signed by the Chief Justice on March 12, 1982.
On February 27, 1984, Petitioner McIntosh filed his petition for reinstatement and the State Bar of Mississippi responded by filing a Motion to Dismiss the Petition on March 1, 1984. Petitioner McIntosh has filed a response to the motion of the respondent Bar. It is the position of McIntosh that Rule 12 of the Rules of Discipline of the Mississippi State Bar was only adopted on September 7, 1983, and that as the suspension and disbarment of McIntosh predates the adoption of the Rule and as the Rule has no retroactive provision that it is inapplicable and would only extend to matters originating after January 1, 1984, the effective date of the said rules. McIntosh further contends that all other re *1204 quirements for reinstatement have been met.
It is admitted that the petition for reinstatement was filed less than three years following the order of March 12, 1982, but argued that the three year period should run from and after November 25, 1980, which was the date of the initial order of the Mississippi Supreme Court which suspended petitioner from the practice of law and struck his name from the rolls of the Mississippi State Bar. This order of November 25, 1980, was entered pursuant to Mississippi Code Annotated § 73-3-339 (Supp.1980). The only issue before the Court on the motion to dismiss is whether or not § 73-3-337 which controlled such matters at the time petitioner was disbarred is any different in its effect from present Rule 12.
We find that it is not. We further find that under the statute the attorney may petition the Court for reinstatement at any time after the expiration of three years from and after the date of the final judgment of disbarment. The final date of disbarment in this cause was March 12, 1982. That is the date from which the three-year period begins to run. This is not only in keeping with our holding in Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss.1980), but with common sense. The time begins to run from the order of disbarment and there is no “relation back”.
 We further note that a petition for reinstatement whether brought under Rule 12 or § 73-3-337 must strictly conform to the specific requirements either of the statute, if brought thereunder, or Rule 12.
As this petition was brought less than three years from March 12, 1982, it is premature and it must be dismissed, but it is dismissed without prejudice.
DISMISSED WITHOUT PREJUDICE.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, and PRATHER, JJ., concur.
ROBERTSON, J., not participating.