478 So.2d 289 (1985)
AN ATTORNEY
v.
MISSISSIPPI STATE BAR.
Misc. No. 130.
Supreme Court of Mississippi.
October 2, 1985.
*290 G. Wayne Hynum, Hattiesburg, for appellant.
Andrew J. Kilpatrick, Jr., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
An attorney appeals from the decision of the Committee on Complaints, Mississippi State Bar Association, to issue a public reprimand to the attorney.[1] Three (3) errors are assigned in the record. We address only one such assignment, since it is dispositive of the matter.

Facts
Appellant, a practicing attorney, was retained by one Billy Clemts to represent him in a suit for personal injuries on a contingency fee basis. Appellant was having personal problems and was unable to continue active representation of Clemts. Therefore, he referred the case to another attorney, who will be referred to as Attorney A. That attorney voided the contract with appellant and entered into a new contingency fee contract with Clemts, although it was agreed that appellant would receive a percentage of the attorney's fee after collection of the claim. Appellant had no further contact with the claim and he had no authority or control over the case.
The daughter of Billy Clemts purchased an automobile from one Raymond Mathews, Mathews Ford, Inc. in Purvis, Mississippi. Clemts agreed with Mathews that the price of the car in the amount of six thousand six hundred forty dollars seventy cents ($6,640.70) would be paid from the proceeds of the insurance settlement in his personal injury claim which was pending then in the courts. Subsequently, on January 22, 1981, Clemts executed an assignment of his claim in the lawsuit to Mathews. The assignment was drawn by Mathews' attorney, and a copy was sent to the appellant.[2]
The blank assignment was received by appellant on February 1, 1982, and the assignment in the sum of seven thousand three hundred two dollars sixteen cents ($7,302.16) was received on February 2, 1982. These assignments were forwarded by appellant to Attorney A. According to Mathews, he talked with appellant three or four times on the phone and twice personally and appellant told Mathews that he would get his money regardless of what happened. Appellant testified that he told Mathews he would try to help him recover what was owed him, "if Clemts goes along with it," but that he would not guarantee receipt of the money. At all times, Mathews knew that control of the Clemts case had been transferred to Attorney A. The record reflects that, even though Mathews had an attorney representing him, who had drawn the assignments and had sent at *291 least one of them to appellant, he never contacted appellant or Attorney A about the claim and never assisted or represented Mathews in looking after his interest in the matter.
The Clemts automobile was wrecked with damages aggregating five thousand one hundred sixty dollars ($5,160) to it. On October 8, 1981, the wife of Billy Clemts purchased the automobile from Mathews for the cost of repairs. Title was transferred to her.
Judgment was entered for Billy Clemts March 6, 1981, on his pending suit and the claim was collected sometime in April, 1982. Attorney A did not withhold or pay anything under the assignment because Clemts had informed Attorney A that the assignment was a forgery. On April 1, 1982, Clemts filed a Chapter 13 proceeding in the Bankruptcy Court, and was adjudged bankrupt.

Law
The appellant contends that the decision of the Complaints Committee is not supported by the evidence and that this Court should review the entire record and reverse the decision of the Complaints Committee. This question is dispositive of the case.
The standard applied in a disciplinary proceeding requires that the complaint against an attorney be established by clear and convincing evidence. Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss. 1981). We recognize that in the final disposition, the duty and responsibility of administering sanctions to attorneys in Mississippi, and policing the Bar, rests upon the Mississippi Supreme Court. In Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss. 1980), we said:
We are of the opinion that the rule applicable to administrative agencies to the effect their orders must be affirmed unless (1) they are arbitrary and capricious, and (2) are not supported by substantial evidence, and the rule that, as in chancery court, the chancellor will not be reversed on the facts, unless he is manifestly wrong, do not apply in the case sub judice and to the question here. We hold that, on appeal, this Court reviews the evidence, the law, the findings and conclusions of the Complaint Tribunal, and then renders such order as the Court may find to be appropriate, based upon the entire record.
385 So.2d at 945. Accord Levi v. Miss. State Bar, 436 So.2d 781 (Miss. 1983).
In summary, the facts show:
(1) Appellant originally was Clemts attorney, but it is undisputed that complete control of the case was transferred to Attorney A.
(2) Appellant received three different copies of the assignment from Mathews and his attorney, which were transferred to, and received by, Attorney A.
(3) Appellant told Mathews that "if Mr. Clemts goes along with it, I'll help you in any way that I can."
(4) The Bankruptcy Court adjudged Clemts bankrupt, after receiving the settlement funds. (This further complicates the question).
We are of the opinion that the evidence does not rise to the standard stated above. Therefore, the order of the Complaints Committee imposing a reprimand upon appellant is vacated.
REVERSED AND ORDER OF COMPLAINTS COMMITTEE VACATED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.
NOTES
[1] On the complaint of Ray Mathews (Mathews Ford, Inc.) the Committee on Complaints found appellant guilty of unprofessional conduct for failure to honor an assignment of interest in a cause of action.
[2] The situation on the assignment is confusing. Appellant received one assignment reflecting no amount. Another assignment represented the figure of $6,640.70 and a third the figure of $7,302.16. All were dated January 22, 1981.