Desmond, J.
On June 22, 1948, respondent, an attorney, was convicted in the County Court of Queens County of the crime of grand larceny in the first degree and was sentenced to a term of imprisonment. Subdivision 4 of section 90 of the Judiciary Law provides that “Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease .to be an attorney and counsellor-atlaw, or to be competent to practice law as such.” The unmistakable meaning of those clear words is that after June 22, 1948, respondent was no longer a member of the Bar and no longer competent to practice as such. Such difficulty as we have here results from two later occurring facts: first, that no one saw to it that respondent’s name was stricken from the roll of attorneys (see Judiciary Law, § 90, subd. 4, supra); and, second, that on December 20, 1948, respondent’s conviction was reversed and a new trial ordered (on questions of law only, with the facts affirmed; see 274 App. Div. 1007). He has not been retried.
By the present proceeding appellant Bar Association, alleging that respondent stood disbarred despite the two facts above listed, prayed the Appellate Division to take such action as might be proper. The Appellate Division held in effect that respondent’s disbarment was incomplete because óf a lack of any court order therefor and that the reversal of the criminal conviction left respondent in the same status as if there had been no such conviction. We take a different view.
We think the language above quoted from subdivision 4 of section 90 and the public policy which it expresses accomplishes the automatic removal from the profession of a lawyer convicted of a felony. True, the following sentence in that subdivision (“ Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate' division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck' from the roll of attorneys ”) describes a procedure for striking the lawyer’s name from the roll of attorneys. But that "procedure, as it seems to 'us, is nó more than a formal recording *147 of the existing fact of disbarment. It is a solemn pronouncement but not a new adjudication. So long as the person convicted is the attorney, the striking of his name from the rolls follows automatically on the presentation to the Appellate Division of the record of conviction (Matter of Donegan, 282 N. Y. 285, 288). Through someone’s carelessness that step was never taken as to respondent, but respondent was nonetheless disbarred by statutory command. If the order of disbarment had been entered before the reversal, subdivision 5 of section 90 of the Judiciary Law would have come into play so as to require respondent, despite the reversal, to apply for reinstatement to the Bar (Matter of Kaufmann, 245 N. Y. 423, 430). We think his position is no better by reason of the lack of a formal order of disbarment. If and when he asks for reinstatement the Appellate Division can consider all the facts and circumstances of the alleged criminal conduct to see if there be “ convincing proof of innocence ” (Matter of Kaufmann, supra).
Respondent’s argument comes down to this: that the reversal of his conviction wipes out that conviction absolutely and for all purposes (see People v. Palmer, 109 N. Y. 413; Code Grim. Pro., § 464). Of course that is true as to the future progress of the criminal cause, and as to the continued existence of the sentence imposed. But it cannot be literally true that a reversal on the law alone of a criminal conviction leaves an attorney’s record unspotted, particularly when the reversing court1 ‘ affirms the findings of fact implicit in the verdict of the jury ’ ’.
We conclude that respondent was ipso facto disbarred by the conviction, that the reversal did not automatically restore him to the Bar and that his remedy is to apply for reinstatement.
The order should be reversed and the matter remitted to the Appellate Division for further proceedings not inconsistent with this opinion. The question certified is not answered.