In the Matter of MARVIN D. CRISTENFELD, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 1977

*Robert Roberto, Jr.,* and *Raymond J. Foley* for petitioner.

*Meyer, English, Cianciulli & Peirez, P. C. (Bernard S. Meyer and M. Kathryn Meng* of counsel), for respondent.

*Per Curiam.* Respondent was admitted to practice by this court on June 30, 1943. On June 24, 1976 he was convicted, after trial, in the United States District Court for the Eastern

District of New York, of eight counts of violating a law of the United States of America, including, *inter alia,* the Hobbs Act (US Code, tit 18, § 1951) and the Travel Act (US Code, tit 18, § 1952). The convictions have been upheld by the Court of Appeals for the Second Circuit.

Petitioner originally sought to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law, claiming that the Hobbs and Travel Act convictions constitute felonies under New York law. By an unpublished decision and order dated January 11, 1977, we rejected the contention and directed petitioner to institute and prosecute a disciplinary proceeding based upon acts of professional misconduct. Thereafter respondent waived a formal hearing. Having examined additional material and, after notice to the parties, having heard oral argument and received further memoranda, we exercise our inherent power to reconsider our prior nonfinal order, which is not *res judicata* under these circumstances, and, upon such reconsideration, we vacate our decision and order of January 11, 1977 and grant the petition to strike respondent's name from the roll of attorneys.

We conclude that respondent's Hobbs Act conviction, and certainly also his Travel Act conviction, are cognizable as New York State felonies. Respondent was found guilty of knowingly, willfully and unlawfully obstructing interstate commerce by obtaining approximately $40,000 from a consulting engineer doing business with the County of Nassau, with the consent for such payment having been induced by the wrongful use of fear of economic loss or under color of official right (US Code, tit 18, § 1951), and of using the facilities of interstate commerce in carrying out an unlawful activity, said unlawful activity being the crime of extortion in violation of the laws of the State of New York (US Code, tit 18, § 1952). The extortionate payments were demanded as the *quid pro quo* for the award of personal service contracts by the County Department of Public Works. At the time in question respondent was the leader of the Democratic Party in Nassau County, occupying the position of party chairman, and a Commissioner of the Board of Elections.

Extortion under New York law, as defined in section 155.05 (subd 2, par [e]) of the Penal Law, is equivalent to extortion under the Hobbs Act insofar as it is premised upon a fear that the defendant or another will use or abuse his position as a

public servant by performing or refusing to perform some act within or related to his official duties, or perform any other act calculated to harm another person materially with respect to his business. Extortion in violation of the Travel Act is, of course, here based upon New York law in the first instance and, in accordance with the statute and indictment, the trial court charged the jury that it must find a violation of New York law in order to convict. The jury so found and the conviction was affirmed on appeal, which determinations are binding in this proceeding.

The taking of money by extortion is a larcenous taking (Penal Law, § 155.05, subd 2, par [e]). Hence, the crimes of which respondent stands convicted are cognizable under New York law as, at the very least, grand larceny in the third degree, a class E felony, covering any larceny by means of extortion. It is, therefore, mandatory that respondent's name be stricken from the roll of attorneys (see Judiciary Law, § 90, subd 4; *Matter of Ginsberg,* 1 NY2d 144); accordingly respondent is disbarred from further practice of law, effective forthwith (see *Matter of Effron,* — AD2d — [decided herewith]).

HOPKINS, J. P., MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.