ON PETITION FOR REHEARING
Disciplinary procedures pursuant to Mississippi Code Annotated § 73-3-301, et seq. (1978 Supp.) applicable to an attorney convicted of a felony form the background of this cause. Conspiracy to defraud the United States is the offense for which Wm. G. Burgin, Jr. (petitioner herein) was convicted in the United States District Court, Southern District of Mississippi [Cause No. 78-00021(N)]. It was the conviction which set in motion a chain of events chronicled herein leading to the issue now before us.
Subsequent to the conviction and at the instance of the petitioner, the Honorable Harvey Buck, Judge of the Sixteenth Circuit Court District of the State of Mississippi, without notice to the Members of the Board of Bar Commissioners and Officers of the Mississippi State Bar (State Bar herein), issued a Fiat directing the Clerk of the Chancery Court of Lowndes County, Mississippi to issue a temporary writ returnable to the Chancery Court of Lowndes County enjoining and restraining the State Bar from filing with the Supreme Court of Mississippi a certified copy of the judgment of conviction of the petitioner. As directed, the chancery clerk issued the temporary writ of injunction. The State Bar then applied to and obtained from this Court an Order dated July 17, 1979 declaring null and void the temporary injunction. Our order dissolved the temporary injunction, and abated the injunction proceedings in the lower court (Cause No. 16,661 in the Chancery Court of Lowndes County, Mississippi) "pending further action by this Court."
The matter is now before us on the petitioner's request for rehearing. He contends that our Order dated July 17, 1979 was without adequate process and notice to him and did not afford him a reasonable opportunity to appear and be heard in opposition to the State Bar's action wherein it sought to have this Court declare "its exclusive and inherent disciplinary jurisdiction" vouchsafed to this Court by § 73-3-301, supra, and to declare the temporary injunction ordered by the lower court null and void.
Petitioner, in his petition for rehearing now asserts that the cause in the Chancery Court of Lowndes County, Mississippi was a proceeding whereby he challenged the constitutionality of Mississippi Code Annotated § 73-3-339 (1978 Supp.) and he contends that the language of § 73-3-339, which requires that this Court "shall forthwith strike the name of the attorney so convicted . . . from the rolls of the Mississippi State Bar and order his immediate suspension from practice, pending an appeal and final disposition of disciplinary proceedings", is unconstitutional. He contends that § 73-3-339 is an invasion by the legislative branch of the duties and prerogatives of the judicial branch of state government and an invasion of the powers inherent in the courts.
Another contention is that the section denies him substantial property rights without "substantial and procedural due process of law, the right to notice and an opportunity to be heard. . . ." The petition also asserts that § 73-3-339 denies him other rights contrary to the provisions of Section 14 of the Mississippi Constitution, and denies him "of the right to defend himself in person or by counsel . . ." contrary to Sections 24 and 25 of the Mississippi Constitution. He also charges that the effect of § 73-3-339 is to deny him of his rights under the provisions of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.
Our view is that our Order dated July 17, 1979 holding the temporary injunction to be null and void and of no effect is a valid order in every respect. It has long been the rule in this jurisdiction that the Supreme Court has the inherent power to discipline attorneys who practice in this state. By enacting Mississippi Code Annotated § 73-3-301 (1978 Supp.), the legislature recognized this inherent right by providing that attorneys practicing in this state:
. . . are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court of Mississippi and the disciplinary *Page 286 
agencies hereinafter established and designated.
The action of the lower court in enjoining and prohibiting the State Bar from filing with this Court a certified copy of the petitioner's Federal Court criminal conviction amounted to a usurpation of the powers and duties exclusively vested in this Court and cannot be allowed to stand. Although the lower court's injunction may have been specifically directed at the State Bar, indirectly its function was no less than a legal barricade which, if allowed to stand, would obstruct the functions of this Court.
Ex Parte Wimberly, 57 Miss. 437 (1879) is analogous in certain respects. There we held that although
. . . most actions at law may be enjoined, there are large classes of them as to which no state of facts will justify the interposition of a court of equity.
We further held that:
 The public interest in this question is to override the private interest of the parties. If a court of chancery is at liberty to interrupt the proceedings by writs of injunction, the whole scheme is defeated. Even a temporary injunction might produce complications difficult, if not impossible, of solution.
Though this Court is ordinarily an appellate court, we are a special tribunal in cases involving disciplinary proceedings regarding its officers: the attorneys who practice in the courts of this state. No circuit or chancery court has any jurisdiction whatever to directly or indirectly enjoin or circumvent proceedings over which this Court has exclusive jurisdiction. Totally without subject matter jurisdiction was the lower court which issued the purported injunction — an utter nullity.
Our Order dated July 17, 1979 at issue here does nothing to cut off petitioner Burgin's right to raise any defense, contention, or constitutional issue which he desires to assert pertaining to any pertinent statute or anything regarding his standing as a member of the bar licensed to practice in the courts of this state. We take judicial notice of the fact that there is now pending before this Court in Misc. Cause No. 58 the Formal Complaint of the State Bar exhibiting a certified copy of petitioner's indictment and conviction in the Federal Court. The office of the Formal Complaint is to commence disciplinary action against petitioner as a result of his felony conviction. Following the filing of the State Bar's Formal Complaint, Chief Justice Patterson's Order dated July 19, 1979, entered in Confidential Misc. Cause No. 58, ordered the Clerk of this Court to give notice to the petitioner of the filing of the State Bar's Formal Complaint, giving him thirty days after receipt of notice of the filing of the complaint to respond to it and present any defense or contention he desires to make concerning his standing to practice law in this state within the purview of Mississippi Code Annotated § 73-3-301, et seq. (1978 Supp.).
We also take judicial notice of the fact, as reflected in the official court file of Misc. Cause No. 58, that the Clerk mailed by prepaid Registered Mail "Deliver to Addressee only" (in accordance with our July 19, 1979 Order, supra) notice to the petitioner at his Columbus, Mississippi address of his right to respond to the State Bar's complaint. That file also reflects that an employee of petitioner's office, Sandi Britt, signed a form used by the United States Postal Service acknowledging receipt of the Clerk's notice regarding petitioner's right to appear and oppose the State Bar's complaint within thirty days.
This Court will take no adjudicatory action upon the merits of the Formal Complaint until thirty days' process upon the complaint is accomplished. Accordingly, we find nothing has been done herein in violation of any of the rights of the petitioner under any pertinent statute or any section of the Constitutions of the United States and the State of Mississippi, and that there is no merit to the petition for rehearing. Our Order dated July 17, 1979 referred to above is valid and remains the Order of the Court.
PETITION FOR REHEARING DENIED. *Page 287 
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.