In the Matter of ROBERT E. DIZAK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 1983

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Robert E. Dizak, pro se* and *Frederic A. Johnson* for Robert E. Dizak, respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney and counselor at law in January, 1970 by the Appellate Division, Fourth Department. During all of the pertinent periods he has maintained an office for the practice of law in this department. Prior to 1975 the Departmental Disciplinary Committee for the First Judicial Department's predecessor (herein Departmental Disciplinary Committee) charged him with three counts of professional misconduct involving use of a slug instead of a subway token to gain admission to the New York City subway system, paying

$150 to a nonattorney for referring an annulment case to him and possession of a substantial number of subway token slugs delivered to him by the nonattorney to "sweeten" the payment of the $150 referral fee. The Disciplinary Committee referred the matter to a panel of its members for hearing. The panel found respondent guilty of the charges and the Disciplinary Committee referred its findings to us with a recommendation for appropriate action. By order dated March 22, 1979 we suspended respondent for a period of 18 months (67 AD2d 4).

Thereafter defendant was arrested for various crimes including larceny and forgery. By order of this court dated September 1, 1981 Honorable SAMUEL COLEMAN was appointed as referee in a proceeding brought against respondent by the Disciplinary Committee based on these criminal charges. The following day, September 2, 1981, three separate indictments were handed up by the Grand Jury of New York County charging respondent with seven counts of grand larceny in the second degree, four counts of forgery in the second degree and one count of practice of the law by a suspended attorney. The three indictments were tried commencing February 26, 1982. Respondent was found guilty on all counts. On the 11 felony counts respondent received concurrent prison sentences of 2⅓ to 7 years. On the count charging him with practicing law while suspended he received a definite sentence of 1 year. Respondent is presently incarcerated.

Judge COLEMAN submitted an interim report on December 2, 1981 and on June 5, 1982 he submitted his final report. Based on those reports the Disciplinary Committee has recommended that we direct that respondent's name be stricken from the roll of attorneys.

When this matter first came before us on the Disciplinary Committee's motion, respondent requested an adjournment in order to enable him to be represented by counsel. That application was granted, as was a subsequent one. Counsel has now appeared and requested that we withhold action pending disposition of the appeal from defendant's convictions.

Section 90 (subd 4, par a) of the Judiciary Law provides that an attorney who has been convicted of a felony "shall

upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such". The statute is self-executing. From the moment of conviction respondent ceased to be a member of the Bar (*Matter of Ginsberg,* 1 NY2d 144; *Matter of Gotkin,* 83 AD2d 342; *Matter of Kase,* 64 AD2d 197). Indeed, reversal of the convictions, should they occur, will not automatically restore respondent to membership in the Bar. In that event respondent's remedy will be to apply for reinstatement (*Matter of Ginsberg,* 1 NY2d 144, 147, *supra*).

Accordingly, the name of respondent is directed to be stricken from the roll of attorneys and counselors at law.

SANDLER, J. P., MILONAS, SILVERMAN, BLOOM and ALEXANDER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.