BROOM, Presiding Justice,
for the Court:
Before us is the Mississippi State Bar’s motion to “reconsider the pleadings filed herein” and enter an “order disbarring Respondent for his conviction of constructive criminal contempt ... or in the alternative to enter such other orders” as we deem proper. Commencement of this proceeding was the “Formal Complaint” of the Bar filed May 26, 1982, which complaint asked that respondent “be disbarred .... ” Basis of the complaint was that respondent, in *1228 the County Court of - County, had been convicted of “constructive criminal contempt and was sentenced” to serve thirty days in jail and pay a $100.00 fine, based upon a jury’s verdict finding him guilty of the criminal contempt charge. The formal complaint recited that respondent attorney[1] had appealed his conviction to the Supreme Court of Mississippi, which appeal was not at the time of the filing of the complaint concluded. By separate motion, filed May 26, 1982, the Bar, pursuant to Mississippi Code Annotated § 73-3-339 (Supp.1982), requested the Supreme Court to “forthwith strike” respondent attorney’s name from the rolls of the Mississippi State Bar and suspend him “from the practice of law pending final disposition of these disciplinary proceedings until respondent’s appeal or appeals have been concluded.”
Respondent attorney, on July 1, 1982, filed a written pleading answering the complaint which the Bar had filed against him. His pleading requested that the matter “be held in abeyance pending” his appeal to the Supreme Court regarding his conviction on the constructive criminal contempt. In response to his motion that we hold the matter in abeyance pending respondent’s appeal, the State Bar on July 8,1982, filed its response stating that the Bar had “no objection to respondent’s motion to abate the captioned cause” until the Supreme Court acted upon respondent’s appeal from his aforesaid conviction.
The matter is now before us upon the Bar’s “Motion to Reconsider” filed August 10, 1983, asking us to enter an order “disbarring” respondent attorney for his conviction of constructive criminal contempt, or in the alternative to enter such order as we deem proper under the circumstances.
Then, on September 12, 1983, respondent attorney filed his Motion to Remand the cause to the “Committee on Complaints or to a complaint tribunal” for hearing. His motion charged:
That Complainant has proceeded in this matter under Section 73-3-339 of the Mississippi Code of 1972, as amended, which reads in part as follows:
Whenever any attorney subject to the disciplinary jurisdiction of the court shall be convicted in any state court or in any federal court, or enter a plea of guilty or a plea of nolo contendré therein, of any felony other than manslaughter or any violation of the United States Internal Revenue Code, or of any offense involving fraud, dishonesty, misrepresentation, deceit, failure to account for money or property of a client, or of any offense involving moral turpitude, a certified copy of the judgment of conviction shall be presented to the court by the board of commissioners.
That Section 73-3-339 of the Mississippi Code of 1972, as amended, applies to convictions, pleas of guilty or pleas of nolo contendré to a felony or to any offense involving fraud, dishonesty, misrepresentation, deceit, failure to account for money or property of a client, or any other offense involving moral turpitude. This Court has held in the case of Ramsay v. Ramsay, 125 Miss. 715, 88 So. 280 (1921) that contempt actions prosecuted to preserve the power and vindicate the dignity of the Court and to punish for disobedience of its orders is quasi-criminal in nature, and it cannot be said that constructive criminal contempt is an offense involving moral turpitude as a matter of law.
His motion to remand recites that there is “other evidence which was not introduced” at his contempt trial, but which should be “made a part of the record” in the disciplinary proceeding against him.
From our study and analysis of all the pleadings herein and their contents, we conclude that the matter should be remanded to a complaint tribunal to be designated by the Chief Justice of the Mississippi Supreme *1229 Court pursuant to Mississippi Code Annotated § 73-3-323 (Supp.1982). That tribunal shall hear the matter and cause to be made a full development of the facts and law according to the statutes referred to above and the pleadings. After such a hearing the tribunal shall “determine the matter ... ”, according to § 73-3-323 and enter its proper order.
MOTION TO REMAND GRANTED; CAUSE REMANDED TO COMPLAINT TRIBUNAL FOR ACTION NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.

. Pursuant to Mississippi Code Annotated § 73-3-343 (Supp.1982), which provides for “confidentially” in proceedings of this sort, the actual name of the respondent attorney and other identifying data are omitted from this opinion as published. His name remains on the original opinion filed in the cause.