In the Matter of JOHN J. SWEENEY (Admitted as JOHN J. SWEENEY, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 18, 1983

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Leon E. Roday* of counsel (*LeBoeuf, Lamb, Leiby & MacRae,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice as an attorney and counselor at law on June 27, 1951 by the Appellate Division, First Department.

On January 25, 1983 respondent was convicted, in the United States District Court for the Southern District of New York, of perjury (US Code, tit 18, § 1623), making false statements (US Code, tit 18, § 1001), and conspiracy so to do (US Code, tit 18, § 371). Violations of sections 1623 and 1001 of title 18 of the United States Code are felonies

under Federal law, and if committed within the State would constitute felonies in this State, the equivalence being found in sections 210.15 and 175.35 of the Penal Law.

The only issue before us is the contention that the matter is presently under appeal before the United States Court of Appeals for the Second Circuit and that the Trial Judge had found the appeal to be nonfrivolous and had stayed the judgment "in all respects" pending the appeal, which appeal has been timely taken. In the interval, the respondent has been suspended from the practice of law. Counsel for the respondent requests that further disciplinary action be withheld pending disposition of the appeal.

Section 90 (subd 4, par a) of the Judiciary Law provides that an attorney who has been convicted of a felony "shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such." The statute is self-executing. From the moment of conviction, respondent ceased to be a member of the Bar. (*Matter of Ginsberg,* 1 NY2d 144.) Reversal of the convictions, should they occur, cannot automatically restore respondent to membership in the Bar. His remedy will be to apply for reinstatement. (*Matter of Ginsberg,* 1 NY2d, at p 147.)

Accordingly, the name of respondent is directed to be stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SILVERMAN, MILONAS, KASSAL and ALEXANDER, JJ., concur.

Respondent's name is struck from the roll of attorneys and counselors at law in the State of New York effective October 18, 1983.