ON MOTION OF STATE BAR TO SUSPEND LICENSE, AND STAY OTHER DISCIPLINARY PROCEEDINGS PENDING APPEAL
HAWKINS, Justice,
for the Court:
This matter comes before us on the second motion of the Mississippi State Bar to strike the name of Attorney A from the rolls of the State Bar and suspend his license to practice law; and also to stay all disciplinary proceedings against this attorney by the State Bar until his appeal from a judgment finding him in contempt of court for a willful misrepresentation to the court. The Bar asserts that under Rule 6 of the Rules of Discipline, this attorney’s license should be suspended pending the outcome of his appeal. Attorney A counters that the court which found him in contempt had no jurisdiction to conduct the contempt proceedings.
While we do not find Attorney A’s contention persuasive, we do find that Rule 6 is inapplicable to this case and therefore deny the motion of the Bar. The disciplinary proceedings against this attorney should proceed in due course.
FACTS
On June 14, 1984, the district attorney of that district filed an information charging Attorney A of contempt of the Washington County Chancery Court for intentional and knowing misrepresentation of facts to the court, which impeded the administration of justice. A demurrer to this information was overruled, the Chancery Court of Washington County on September 5, 1984, conducted a hearing, and entered judgment on October 17, 1984. The judgment recited that the attorney had on February 24, 1984, knowingly and willfully misrepresented to the court that his client had agreed to settle a case, when in truth and in fact this client had refused to do so. Attorney A was fined $500 and sentenced to 30 days in jail, with the jail sentence suspended.
On October 26, 1984, the Mississippi State Bar filed a formal complaint against Attorney A, attaching a copy of the Chancery Court judgment.
On that date the State Bar also filed a motion to strike Attorney’s A name from the roll of the State Bar and suspend him from the practice of law pending disposition of his appeal from the Chancery Court judgment. The Bar asserted as authority for such suspension Rule 6 of the Rules of Discipline for the State Bar.
On November 5, 1984, Attorney A filed a motion to stay any action upon the complaint and a motion to strike. Attorney A’s *1165 motion alleged lack of jurisdiction in the Washington County Chancery Court, and that to strike his name from the Bar rolls would violate due process. He also asserted a motion for a new trial had been filed with the Chancery Court, but had not been ruled upon.
On November 6, 1984, the State Bar responded to Attorney A’s motion, and while denying the merits thereof, did agree he was entitled to stay any proceedings to strike his name from the rolls until the chancery judge had ruled on his motion for a new trial.
A Justice of this Court accordingly entered an order on November 15, 1984, to stay proceedings until final disposition of this cause pending in the Chancery Court.'
On June 22, 1985, the chancery judge entered an order denying Attorney A’s motion for a new trial, and on July 9,1985, the State Bar again filed with us a motion to enter an order of suspension pending final disposition of this attorney’s appeal on the contempt judgment, and to stay all disciplinary proceedings against him until his appeal had been concluded. The Bar supports this contention by citing Rule 6.
Attorney A on July 16 moved to stay the suspension, alleging the Chancery Court of Washington County to be wholly without jurisdiction. Each side has filed supporting briefs.
LAW
Attorney A’s effort to collaterally attack the jurisdiction of the Chancery Court to find him in contempt of court pending appeal must be denied. That issue may be properly decided when this Court has the entire record of all proceedings before us.
The drastic sanctions of Rule 6, however, are not applicable to a conviction in a contempt proceeding before a judge, even though the contempt may have arisen from an attorney’s misrepresentation to a court. For Rule 6 to apply (on any matter excluding proceedings under Miss.Code Ann. § 11-49-3) the attorney must be convicted of a felony, or of a misdemeanor involving fraud, dishonesty, misrepresentation or deceit. Attorney A has not been convicted of any criminal offense. We, therefore, sua sponte note Rule 6 to be inapplicable to this case.[1]
This in no way interferes with the State Bar proceeding with disciplinary action in regular course.
The motion of the State Bar is therefore denied.
MOTION DENIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. Rule 6 in pertinent part reads as follows:
RULE 6: SUSPENSIONS AND DISBAR-MENTS BASED ON OTHER PROCEEDINGS
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enters a plea of guilty of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
(b) Upon reversal of the conviction or judgment that has resulted in the automatic suspension, the attorney shall be immediately reinstated, but such reinstatement shall not bar or terminate any disciplinary proceeding instituted thereafter or then pending against the attorney. For purposes of these rules, executive clemency or pardon shall not constitute reversal of the conviction and shall not bar or terminate disciplinary proceedings predicated upon such convictions or judgments.
******
(d) When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
******
(f) The judge of any court within this state shall have the affirmative duty to cause a certified copy of a conviction or judgment to be transmitted to Complaint Counsel.