494 So.2d 1388 (1986)
MISSISSIPPI STATE BAR
v.
Walter L. NIXON, Jr.
No. 231.
Supreme Court of Mississippi.
September 24, 1986.
Michael B. Martz, Jackson, for appellant.
William F. Goodman, Jr., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
Walter L. Nixon, Jr. of Biloxi, Mississippi, by virtue of the authority of the State of Mississippi, was licensed to practice law on March 11, 1952, a license he has held through and including this day. This license is the subject of the present bar disciplinary proceedings.
On July 26, 1968, Nixon formally assumed the office of United States District Judge, serving the Southern District of Mississippi. See 28 U.S.C. § 104(b). On September 24, 1982, he was elevated to the office of Chief Judge of the United States District Court for the Southern District of Mississippi, an office he now holds.
On February 9, 1986, Judge Nixon was convicted in the United States District Court of the Southern District of Mississippi of two counts of perjury in violation of Section 1623, Title 18, United States Code. Upon the jury's verdict, the District Court on March 31, 1986, entered a final judgment of conviction and imposed sentence. The matter is presently pending before the United States Court of Appeals for the Fifth Circuit upon Nixon's appeal.
On April 18, 1986, the Mississippi State Bar filed its formal complaint urging that, by reason of the aforesaid conviction, *1389 Judge Nixon be stripped of his license to practice law in the State of Mississippi. In due course Judge Nixon answered the complaint and has filed motions to dismiss asserting, among other reasons, want of jurisdiction, and, in the alternative, for an indefinite suspension of these proceedings pending appeal. These matters are here this day for our consideration and decision.
The Rules of Discipline for the Mississippi State Bar heretofore adopted by this Court, effective January 1, 1984, have as their primary object stewardship of the license to practice law in this state. All holders of such licenses are by virtue thereof subject to the exclusive and inherent jurisdiction of this Court, see Mississippi State Bar v. Phillips, 385 So.2d 943, 944 (Miss. 1980); Matter of Mississippi State Bar, 361 So.2d 503, 505 (Miss. 1978), as well as the proscriptions on conduct and penalties and procedures attendant upon violations of same, all as set forth in the Rules of Discipline.
The Bar's complaint is predicated upon Rule 6(a) of the Rules of Discipline. That rule provides, in pertinent part, as follows:
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted ... in any federal court, ... of any felony ... or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
The Mississippi State Bar has presented to this Court a certified copy of the aforesaid judgment of conviction entered March 31, 1986, adjudging Walter L. Nixon, Jr., guilty of two counts of perjury in violation of 18 U.S.C. § 1623. This Judgment reflects a conviction in a federal court. Perjury under 18 U.S.C. § 1623 is a felony within the meaning and contemplation of Rule 6(a). See Matter of Sweeney, 95 A.D.2d 579, 467 N.Y.S.2d 585, 586 (1983); In Re Ruggiero, 40 A.D.2d 135, 338 N.Y.S.2d 749, 750 (1972). Even if the offense might arguably be considered a misdemeanor, it is certainly one involving "dishonesty, misrepresentation, and deceit." See Matter of Meisnere, 471 A.2d 269-70 (D.C. Cir.1984). The rule is satisfied. We do not look behind the District Court's judgment of conviction. Both Rule 6(a) and elementary notions of full faith and credit require acceptance here of the validity and propriety of that judgment. See Mississippi State Bar v. Phillips, 385 So.2d 943, 945-46 (Miss. 1980).
Notwithstanding the foregoing, Judge Nixon presents a variety of reasons why we should dismiss the present proceedings or at least stay our hand until final adjudication on appeal of the federal criminal proceedings against him.
First, Nixon argues that, because he is a United States District Judge, any authority this Court might otherwise have by virtue of his license to practice law is preempted by Articles I and III of the Constitution of the United States. The argument, earnestly pressed, invokes considerations fundamental to the nature of our federal republic. We do not transgress upon federal turf when we limit our action to the license the State of Mississippi has issued Nixon. What importance the federal sovereign may attach to whether Nixon holds from this state a license to practice law is a matter of federal law beyond our authority and concern, and so of the question what action, if any, federal authorities may take upon our suspension of Nixon's license to practice law.
Nixon argues that suspension of his license would be a vain and futile act. He relies upon the record which reflects that he is not practicing law at this time and that he has not practiced law since July 26, 1968, the date he assumed the office of United States District Judge. He is prohibited from practicing law by virtue of federal law. See 28 U.S.C. § 454; Audett v. *1390 United States, 265 F.2d 837, 840 (9th Cir.1959). The argument is wide of the mark.
By virtue of its inherent and exclusive jurisdiction, presently implemented via the Rules of Discipline for the Mississippi State Bar, this Court has authority with respect to all holding licenses to practice law in this state. Smith v. Mississippi State Bar, 475 So.2d 148, 149 (Miss. 1985). Indeed, in the first sentence of our Rules of Discipline we have stated that
the license to practice law in this state is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and as an officer of the court.
It is of no consequence that Judge Nixon in his judicial capacity may be subject to other law regarding the conduct of his office, his possible suspension from same, or discipline in connection therewith. He holds from this state a license to practice law and by virtue thereof is subject to the Rules of Discipline. Such a view is the product of faithful construction and application of the law of this state.
The overwhelming majority of our sister states take a similar view that persons licensed to practice law are subject to bar discipline with respect to those licenses notwithstanding that such individuals may hold judicial office. See Gordon v. Clinkscales, 215 Ga. 843, 845, 114 S.E.2d 15, 18-19 (1960); In Re Alonzo, 284 Ala. 183, 223 So.2d 585, 592 (1969); Matter of Riley, 142 Ariz. 604, 691 P.2d 695, 698-99 (1984); In Re Mills, 539 S.W.2d 447, 449-50 (Mo. 1976); Jenkins v. Oregon State Bar, 241 Or. 283, 405 P.2d 525, 527-28 (1965); In Re Mattera, 34 N.J. 259, 265-70, 168 A.2d 38, 41-44 (1961); Louisiana State Bar Association v. Funderburk, 284 So.2d 564, 566 (La. 1973); see also cases cited in Annotation, Misconduct In Capacity As Judge As Basis For Disciplinary Action Against Attorney, 57 A.L.R.3d 1150 (1974). That Florida or any other state may take a different view, e.g., In Re Proposed Disciplinary Action, 103 So.2d 632 (Fla. 1958); In Re Investigation of Circuit Judge, 93 So.2d 601 (Fla. 1957) suggests only that the law of that state is different from the law of Mississippi.
In the alternative, Judge Nixon objects to the somewhat summary proceedings authorized by Rule 6 and, instead, urges the formation of a complaint tribunal to hear and determine the matter. To be sure, most bar disciplinary matters are heard by a complaint tribunal in accordance with Rule 8 of the Rules of Discipline. Proceedings when one subject to the disciplinary jurisdiction of the court has been convicted of a crime such as that involved here, however, are excepted from Rule 8 and instead are governed by Rule 6. The reason for this is the rather obvious one that a complaint tribunal hears matters involving disputes regarding questions of fact. Even though the ultimate decision in such matters is for this Court, see Levi v. Mississippi State Bar, 436 So.2d 781, 782-83 (Miss. 1983), we regard it of immeasurable benefit that the complaint tribunal conducts a factual hearing and submits to us proposed findings of fact and a proposed judgment. See Rule 8(b). By way of contrast, today's proceedings are upon a factual record which is documentary in nature and where our function is merely the correct ascertainment of and application of the law to the uncontradicted facts.
Nothing in Mississippi State Bar v. A Mississippi Attorney, 437 So.2d 1227 (Miss. 1983) is to the contrary. In that case the Court ordered designation of a complaint tribunal where the Bar proceeded on the basis of an attorney's previous conviction of "constructive criminal contempt," a crime not within the ambit of the statutory precursor to Rule 6(a). Development of a factual record was there necessary and appropriate. In the case at bar no such factual inquiry need be made. The application for a complaint tribunal is denied.
Finally, Judge Nixon argues, in the alternative, that these proceedings should be stayed pending final disposition of his appeal before the United States Court of *1391 Appeals for the Fifth Circuit. Rule 6 is quite clear in providing that no such stay shall be allowed. Upon our determination that one subject to the disciplinary jurisdiction of this Court has been convicted of an offense within the meaning and contemplation of Rule 6(a), and upon the filing of a certified copy of the judgment of conviction with the Clerk of this Court, Rule 6(a) directs that we shall
strike the name of the attorney and order his immediate suspension from the practice of law.
We note that Rule 6(b) provides that the attorney shall be immediately reinstated if the conviction should be reversed upon appeal. In any event, by virtue of the clear language of Rule 6(a), we deny the motion for stay.
In summary and in conclusion, we hold this day that all of the substantive and procedural requisites of Rule 6(a), Rules of Discipline for the Mississippi State Bar, have been met. The license issued by the State of Mississippi to Walter L. Nixon, Jr., authorizing his practice of law shall be, and the same hereby is, suspended, effective the date this opinion is released.
LICENSE TO PRACTICE LAW SUSPENDED.
HAWKINS, P.J., and DAN M. LEE, PRATHER and ANDERSON, JJ., concur.
WALKER, C.J., ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ., not participating.