498 So.2d 837 (1986)
Paul H. "Bud" HOLMES
v.
MISSISSIPPI STATE BAR ASSOCIATION.
No. CM-211.
Supreme Court of Mississippi.
December 3, 1986.
*838 Muarice Dantin, Forest M. Dantin, Dantin & Dantin, Columbia, for appellant.
Michael B. Martz, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Mississippi State Bar filed a formal complaint against attorney Paul H. "Bud" Holmes on December 1, 1985, representing to the Mississippi Supreme Court that Holmes should be disbarred from the practice of law within the State of Mississippi. Copies of the guilty plea, sentencing proceedings and judgment entered in the United States District Court for the Southern District of Mississippi involving Holmes were made exhibits to the complaint.
This case is intertwined with, and grew out of, facts surrounding the Walter L. Nixon case in the same U.S. District Court. The complaint here was filed prior to the suspension of Walter L. Nixon's license to practice law in the State of Mississippi.
The present complaint proceeded under Rule 6(a) of the Rules of Discipline adopted by this Court, effective from and after January 1, 1984. Pertinent portions of the Rules of Discipline follow:
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted, plead guilty, or enter a plea of nolo contendere to any felony (other than manslaughter) or any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or wilful failure to account for money or property of a client, a certified copy of the Judgment of Conviction shall be presented to the Court by General Counsel and shall be conclusive evidence thereof.
Rule 6(a), Rules of Discipline
A Formal Complaint, with a certified copy of the criminal judgment or conviction attached, and a Motion for Indefinite Suspension pending Appeal shall be filed with the Court, upon which the attorney shall be automatically suspended subject to the right of such attorney to move for reconsideration upon a showing that the judgment or conviction has been reversed or a new trial is granted.
Rule 6.1, Rules of Discipline
Upon a showing that the time for all appeals has expired, or that all appeals have been concluded without reversal, the attorney shall be automatically disbarred.
Rule 6.2, Rules of Discipline
The basis of the Bar's complaint is 18 U.S.C. § 401(1), which provides:
A Court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as  (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; ... ."
Section 401 was the authority for bringing the charge against Holmes in the U.S. District Court for which he entered a plea of guilty and was sentenced to one (1) year's imprisonment and the payment of a ten-thousand-dollar ($10,000) fine. A bill of information was filed in the said district court, which charged Holmes with a crime coming within Rule 6 of the Mississippi Rules of Discipline.
After Holmes entered the guilty plea to the bill of information, the U.S. District Judge signed a judgment and probation/commitment order which recited that Holmes had entered a plea of guilty to a violation of 18 U.S.C. § 401(1) and that he was sentenced to one year in the custody of the Attorney General of the United States and fined the sum of $10,000. The order also recited, on motion of counsel for the government, that the original indictment, which contained four (4) felony counts, was dismissed.
Holmes argues two assignments of error, i.e., (a) that the complaint tribunal failed to properly apply the provisions of Rule 6, Mississippi Rules of Discipline, and Mississippi Code Annotated § 73-3-339 (1972), and (b) the complaint tribunal denied appellant due process. He contends that, *839 proceeding as a Rule 6 hearing, the complaint should be dismissed, since the court could look to nothing except the judgment of conviction, which recited that Holmes was convicted of a 18 U.S.C. § 401(1) violation, and that the court could not consider the underlying charge, i.e., the bill of information and guilty plea. In the alternative, he argues that the disbarment should be overturned and that the cause should be remanded for a Rule 8 hearing, where he should be permitted to show that his guilty plea to 18 U.S.C. § 401(1) was a result of prosecutorial and judicial process abuse, compromise, and misleading representations. We reject those contentions of Holmes.
In Mississippi State Bar v. Walter L. Nixon, 494 So.2d 1388 (Miss. 1986), decided September 24, 1986, by this Court, the Mississippi State Bar filed its formal complaint presenting as an exhibit thereto a certified copy of the judgment of conviction dated March 31, 1986, adjudging Nixon guilty of two counts of perjury in violation of 18 U.S.C. § 623. Proceeding under Rule 6(a), Rules of Discipline, the Court ordered the suspension of Nixon until his pending appeal before the United States Court of Appeals for the Fifth Circuit District was finally determined.
The Court said:
In the alternative, Judge Nixon objects to the somewhat summary proceedings authorized by Rule 6 and, instead, urges the formation of a complaint tribunal to hear and determine the matter. To be sure, most bar disciplinary matters are heard by a complaint tribunal in accordance with Rule 8 of the Rules of Discipline. Proceedings when one subject to the disciplinary jurisdiction of the court has been convicted of a crime such as that involved here, however, are excepted from Rule 8 and instead are governed by Rule 6. The reason for this is the rather obvious one that a complaint tribunal hears matters involving disputes regarding questions of fact. Even though the ultimate decision in such matters is for this Court, see Levi v. Mississippi State Bar, 436 So.2d 781, 782-83 (Miss. 1983), we regard it of immeasurable benefit that the complaint tribunal conducts a factual hearing and submits to us proposed findings of fact and a proposed judgment. See Rule 8(b). By way of contrast, today's proceedings are upon a factual record which is documentary in nature and where our function is merely the correct ascertainment of and application of the law to the uncontradicted facts.
Nothing in Mississippi State Bar v. A Mississippi Attorney, 437 So.2d 1227 (Miss. 1983) is to the contrary. In that case the Court ordered designation of a complaint tribunal where the Bar proceeded on the basis of an attorney's previous conviction of "constructive criminal contempt," a crime not within the ambit of the statutory precursor of Rule 6(a). Development of a factual record was there necessary and appropriate. In the case at bar no such factual inquiry need be made. The application for a complaint tribunal is denied.
494 So.2d at 1390.
As stated hereinabove, the transcript of Holmes' plea of guilty was attached to the formal complaint and is a part of the record. Before accepting the plea of guilty to the bill of information, the United States District Judge read the information to Holmes, a former district attorney for the 12th Circuit Court District of Mississippi, and thoroughly questioned him about the voluntariness of his plea. A part of those proceedings follow:
THE COURT:
Are you willing to waive your right to a trial by jury or by judge?
THE WITNESS:
I do.
THE COURT:
Have you discussed with your attorneys the charge in the Bill of Information to which you are seeking to plead guilty?
THE WITNESS:
I have, Your Honor.

*840 THE COURT:
The bill of Information reads as follows:
The United States of America acting through its undersigned attorney, charges that: One, from on or about July 18, 1984, and continuing through March of 1985, in the Southern District of Mississippi, the Defendant, Paul H. "Bud" Holmes, acting unlawfully, willfully, and knowingly, did commit acts of misbehavior in the presence of the Grand Jury impaneled in the Hattiesburg Division of the Southern District of Mississippi, convened upon the order of and acting under the supervision of the United States District Court for the Southern District of Mississippi; and did commit acts of misconduct so near to said Grand Jury and said Court as to obstruct the administration of justice.
In this regard, the Defendant, Paul H. "Bud" Holmes, inquired of others whether they had discussed a telephone call with Federal authorities so as to be able to tailor his own Grand Jury testimony.
(B) Testified falsely in the Grand Jury on February 21, '85, that the reason he did not advise the Grand Jury about the aforementioned telephone call previously was "It did not come across my mind" and he didn't "put any significance to it"; and, (C), he refused to disclose the substance of the aforesaid telephone call, when on February 21, 1985, he falsely testified before the Grand Jury that he could not remember what was said during the call.
With all said acts done by the Defendant, Paul H. "Bud" Holmes, to manipulate and interfere with the Grand Jury investigation by preventing the Grand Jury from receiving relevant evidence in violation of Title 18 USC Section 701.
Did you, in fact, do the acts charged in the Bill of Information?
THE WITNESS:
I did, Your Honor.
THE COURT:
Do you understand the charge in the Bill of Information?
THE WITNESS:
I do, Your Honor.
THE COURT:
The statute under which you are charged, or the statute by which you are charged of violating, does not provide for a specified penalty, but leaves it within the discretion of the Court to impose a sentence of a fine or imprisonment with no specified limitation in that statute. Do you understand that?
THE WITNESS:
I understand that.
THE COURT:
Do you understand that it is completely within the discretion of the Court under the provisions of the statute as to what your sentence might be?
THE WITNESS:
I do, Your Honor.
THE COURT:
Do you understand the charge as I read it to you?
THE WITNESS:
I do, Your Honor.
THE COURT:
How do he [sic] plead, sir?
THE WITNESS:
Guilty.
THE COURT:
Are you pleading guilty because you are, in fact, guilty of the crime charged?
THE WITNESS:
I am, Your Honor.
The formal complaint in this cause correctly proceeded as a Rule 6 matter. The reasons why Holmes entered a plea of guilty to the bill of information, whether for leniency, fear of harsher punishment, or other, are irrelevant to the complaint filed under Rule 6. When the complaint *841 was brought to the attention of the then Chief Justice, he entered an order designating a tribunal to hear the matter. Certainly no prejudice could result to Holmes on account of a tribunal, consisting of a trial judge and two eminent lawyers, considering the complaint and recommending that this Court enter an order disbarring Holmes from the practice of law in the State of Mississippi. Actually, after the complaint and responses of the respondent had been filed, this Court properly could have entered an order of disbarment without further procedure.
18 U.S.C. § 401(1) confers broad general powers upon a court of the United States to punish by fine or imprisonment, at its discretion, criminal contempt of its authority. The specific act or acts of criminal contempt, under § 401(1) must be stated in a bill of information filed in the U.S. District Court. That bill of information specifically sets forth the criminal conduct, acts and things which constituted a violation of § 401(1). Holmes pled guilty to every charge in the bill of information. That plea of guilty also constituted a guilty plea to § 401(1), which is inseparable from the bill of information.
Without question, the plea of guilty to the bill of information and § 401(1) was for a crime, whether felony or misdemeanor, which involved fraud, dishonesty, misrepresentation and deceit under Rule 6(a), Rules of Discipline. The complaint with exhibits of the judgment, bill of information and guilty plea, together with appellant's response, are before this Court. They require Holmes' disbarment. See Miss. State Bar v. Nixon, 494 So.2d 1388 (Miss. 1986); Miss. State Bar v. Attorney A, 475 So.2d 1164 (Miss. 1985); Miss. State Bar v. A Mississippi Attorney, 437 So.2d 1227 (Miss. 1983) Miss. State Bar v. Phillips, 385 So.2d 943 (Miss. 1980); Bramlett v. Burgin, 382 So.2d 284 (Miss. 1979).
APPELLANT DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., and DAN LEE and SULLIVAN, JJ., not participating.