PER CURIAM.
On the petition of Walter L. Nixon, Jr., for reinstatement of his license to practice law:
Walter L. Nixon, Jr., of Mississippi, was convicted in the United States District Court of the Southern District of Mississippi on March 31, 1986, of committing two counts of perjury in violation of 18 U.S.C.A. § 1623. Upon being presented a certified copy of the aforesaid judgment of conviction, pursuant to Rule 6(a) of the Rules of Discipline for the Mississippi State Bar, the Mississippi Supreme Court suspended the license issued to Nixon by the State of Mississippi authorizing his practice of law. Mississippi State Bar v. Nixon, 494 So.2d 1388 (Miss.1986). See also Mississippi State Bar v. Nixon, 562 So.2d 1288 (Miss.1990). On Nixon’s application for reinstatement, the Mississippi Supreme Court concluded that he met his burden of proving he had rehabilitated himself and reestablished the requisite moral character sufficient to entitle him to reinstatement of license to practice law. Consequently, it granted his petition for reinstatement contingent upon his passage of the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam. In re the Matter of the Reinstatement of Walter L. Nixon, Jr., 618 So.2d 1283 (Miss.1993). Nixon has fulfilled these two prerequisites to licensure reinstatement by the state of Mississippi.
On April 6, 1988, this court suspended the license to practice law issued to Nixon by the state of Louisiana based upon our concurrence with the opinion of the Committee on Professional Responsibility that the crime of which Nixon was convicted adversely reflected on his moral fitness to practice law. At that time, this court was fully cognizant of the judgment of the Mississippi Supreme Court dated March 31, 1986, suspending the license to practice law issued to him by the state of Mississippi. Thereafter, on January 26, 1989, this court allowed Nixon to voluntarily surrender the license to practice law issued to him by the state of Louisiana, pursuant to Article XV, Section 11 of the Articles of Incorporation, Louisiana State Bar Association, disbarring him on his own consent, retroactive to April 6, 1988.
Upon the petition of Walter L. Nixon, Jr., for reinstatement of his license to practice law, and based on reciprocity to the findings of the Mississippi Supreme Court as well as our own findings that he has fulfilled the criteria for reinstatement and readmission set forth in Supreme Court Rule XIX, § 24(E) and that he has the affirmative recommendations of both the Louisiana State Bar Association’s Disciplinary Counsel and Disciplinary Board, we find that Walter L. Nixon, Jr., should be readmitted to the practice of law in the state of Louisiana.
Therefore, the petition of Walter L. Nixon, Jr., requesting reinstatement of his license to practice law in the state of Louisiana is here *1157 by granted, contingent upon his payment of the costs of these proceedings.