*49 OPINION OF THE COURT
Per Curiam.
On December 20, 2012, the respondent pleaded guilty in the County Court, Westchester County, before the Honorable Richard A. Molea, to grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40. The respondent admitted that, on or about and between November 30, 2009 and January 22, 2010, while aiding, abetting, and acting in concert with Derrick Robinson, he stole, with the intent to do so, in excess of $50,000 from Kachik Mouradian.
At the plea proceeding, the County Court noted that the respondent was required to satisfy certain conditions prior to sentencing, including the respondent’s cooperation with law enforcement authorities, and payment of restitution. On October 22, 2013, the respondent was sentenced to a five-year term of probation, having satisfied the conditions of his plea agreement, including the payment of $115,000 in restitution.
Pursuant to Judiciary Law § 90 (4), a lawyer is automatically disbarred upon conviction of a felony committed under the laws of this state (see e.g. Matter of Barash, 20 NY2d 154 [1967]; Matter of Ginsberg, 1 NY2d 144 [1956]).
The Grievance Committee for the Ninth Judicial District now moves to strike the respondent’s name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), based upon his felony conviction. The respondent has neither opposed the Grievance Committee’s motion nor otherwise submitted any papers in response.
By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a), and was automatically disbarred on December 20, 2012. Accordingly, the Grievance Committee’s motion to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted, effective December 20, 2012, and his name is stricken from the roll of attorneys based on his disbarment.
Eng, PJ., Mastro, Rivera, Skelos and Miller, JJ., concur.
Ordered that the motion of the Grievance Committee for the Ninth Judicial District to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Emmanuel K. Bentil, admitted as Emmanuel Kojo Kwebu Amissah Bentil, is disbarred, effective December 20, *49-a 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
Ordered that the respondent, Emmanuel K. Bentil, admitted as Emmanuel Kojo Kwebu Amissah Bentil, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Emmanuel K. Bentil, admitted as Emmanuel Kojo Kwebu Amissah Bentil, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,
Ordered that if the respondent, Emmanuel K. Bentil, admitted as Emmanuel Kojo Kwebu Amissah Bentil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).