Matter of Sanders (2018 NY Slip Op 04548)





Matter of Sanders


2018 NY Slip Op 04548


Decided on June 20, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
JEFFREY A. COHEN, JJ.


[*1]In the Matter of Joel I. Sanders, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Joel I. Sanders, respondent. (Attorney Registration No. 3904570)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 2001.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Greenspoon Marder, P.A. P.C., New York, NY (Wendy Michael of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On May 8, 2017, the respondent was convicted, upon a jury verdict, before the Honorable Robert Stolz, in the Supreme Court, New York County, of (1) scheme to defraud in the first degree, in violation of Penal Law § 190.65(1)(b), a class E felony; (2) violating General Business Law § 352-c(5) (the Martin Act), a class E felony; and (3) conspiracy in the fifth degree, in violation of Penal Law § 105.05(1), a misdemeanor. On October 10, 2017, the respondent was sentenced, inter alia, to a fine of $1 million on each count, imposed concurrently, one-third of said fine to be paid annually during a three-year period of conditional discharge. Should the respondent fail to pay the fine, he would be subject to a one-year term of imprisonment as an alternative on each of the felony counts. In addition, he was directed to perform 250 hours of community service annually during the three-year period of conditional discharge. Should the respondent fail to perform community service as directed, he would also be subject to a one-year term of imprisonment as an alternative. A certificate of relief from disabilities was issued on the day sentence was imposed.
By way of background, the respondent was indicted, along with others, in 2014 and charged with one count of scheme to defraud in the first degree, in violation of Penal Law § 190.65(1)(b); multiple counts of grand larceny in the first degree, in violation of Penal Law § 155.42; multiple counts of falsifying business records in the first degree, in violation of Penal Law § 175.10; one count of violating General Business Law § 352-c(5) (the Martin Act); and one count of conspiracy in the fifth degree, in violation of Penal Law § 105.05(1). The underlying conduct of these alleged offenses consisted of a systematic course of actions taken by the respondent and others, all senior management of the law firm of Dewey & LeBoeuf, LLP (hereinafter the firm), in response [*2]to the poor financial condition of the firm. To prevent the financial collapse of the firm, the respondent and others allegedly employed various forms of fraudulent accounting adjustments, misrepresented the firm's financial performance to lenders, and misrepresented the firm's compliance with other lending requirements. Ultimately, all such efforts proved unsuccessful and the firm collapsed.
The respondent failed to notify this Court of his convictions as required under Judiciary Law § 90(4)(c).
The respondent opposes the motion to strike, seeking, instead, a suspension of no more than one year. The respondent does not contest his felony convictions; however, he argues that he should not be disbarred due to various mitigating factors, for instance, his no-jail sentence, his remorse, and the absence of any intent to hurt anyone.
The various mitigating factors are unavailing because by virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a) (see Matter of Ginsberg, 1 NY2d 144).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), should be granted to reflect his automatic disbarment on May 8, 2017.
MASTRO, J.P., DILLON, LEVENTHAL, CHAMBERS and COHEN, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Joel I. Sanders, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Joel I. Sanders, is disbarred, effective May 8, 2017, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Joel I. Sanders, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Joel I. Sanders, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joel I. Sanders, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court