722 So.2d 452 (1998)
In re Petition for REINSTATEMENT OF David H. MASSEY to Practice Law.
No. 98-BR-00001-SCT.
Supreme Court of Mississippi.
September 24, 1998.
James K. Dukes, Hattiesburg, Attorney for Appellant.
Michael B. Martz, Jackson, Attorney for Appellee.
En Banc.
PRATHER, Chief Justice, for the Court:

I. INTRODUCTION

¶ 1. This is David H. Massey's third petition for reinstatement to the practice of law. See In Re Petition of David H. Massey for Reinstatement to the Practice of Law, 633 So.2d 452 (Miss.1994) (hereinafter Massey I); In Re Petition of David H. Massey for Reinstatement to the Practice of Law, 670 So.2d 843 (Miss.1996) (hereinafter Massey II). Massey was disbarred in 1990, following his felony conviction for conspiracy to distribute 2,400 methylenedioxymethamphetamine, or "ecstasy", pills and 10 grams of cocaine.
¶ 2. This Court finds that Massey can never demonstrate the requisite moral character to practice law in Mississippi. Therefore, Massey's petition for reinstatement to the practice of law is denied.

II. LEGAL ANALYSIS

¶ 3. The applicable law regarding attorney reinstatement was succinctly set forth in the opinion on Massey's last petition for rehearing. See Massey II, 670 So.2d at 844. Massey has met the other jurisdictional requirements, and his case turns upon whether he has demonstrated the requisite moral character to be reinstated.
This leads to the question of how does a disbarred attorney demonstrate that his moral character has been rehabilitated? This Court has held that "[w]e do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life *453 evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required." Phillips v. Mississippi State Bar, 427 So.2d 1380, 1382 (Miss.1983) (quoting Ex parte Marshall, 165 Miss. 523, 556, 147 So. 791, 798 (1933)).
Massey II, 670 So.2d at 845.
¶ 4. The record reflects that Massey has volunteered to counsel people about the dangers of drugs, but he has never been called upon to do so. Moreover, although "work[ing] with the segment of society that he harmed by distributing drugs" would be a worthwhile endeavor, it is not the test for whether an attorney has the requisite moral character to be reinstated. "[T]he requirement is only that one seeking reinstatement must lead a correct life." In re Tucker, 656 So.2d 799, 804 (Miss.1995).
¶ 5. Massey's crime was egregious.
The legal profession has come a long way from the days when attorneys were automatically presumed honorable. The quality and reputation of the Mississippi Bar and the public interest which it serves warrant stringent standards for reinstatement following disbarment. This Court remains firm in its resolve that one who has acted in a manner sufficiently egregious to warrant disbarment must clearly show a rehabilitation of character before reinstatement to the privilege of practicing law. Compromise of the standards to which attorneys are held will surely cripple the profession, with concomitant harm to the public.
Tucker, 656 So.2d at 805.
¶ 6. Drugs are a scourge to society. Distributing drugs is a crime that demonstrates an extreme disdain for the law and disregard for the welfare of the citizens of our State. A serious lack of moral character is innate to the commission of this crime. David H. Massey was convicted as a major distributor of illicit drugs at a time when he had achieved maturity and occupied a number of positions of trust in the community. His offense was not mitigated by any other factor. Under these circumstances we cannot imagine circumstances sufficient to show rehabilitation to the point that he should enjoy a license to practice law.

III. CONCLUSION

¶ 7. This Court will not reinstate a convicted drug dealer to the practice of law. Therefore, Massey's petition for reinstatement is denied.
¶ 8. PETITION FOR REINSTATEMENT DENIED.
SULLIVAN, P.J., BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ., concur.
PITTMAN, P.J., not participating.