849 So.2d 880 (2003)
The Matter of the Petition for REINSTATEMENT to the Practice of Law OF Jimmy D. McGUIRE.
No. 2002-BR-01076-SCT.
Supreme Court of Mississippi.
January 16, 2003.
Floyd Logan, Gulfport, attorney for appellant.
Michael B. Martz, attorney for appellee.
EN BANC.
CARLSON, J., for the Court.
¶ 1. This is Jimmy D. McGuire's second Petition for Reinstatement to the practice of law. See McGuire v. Miss. Bar, 798 So.2d 476 (Miss.2001). McGuire was disbarred in 1997, Miss. Bar v. McGuire, 694 So.2d 674 (Miss.1997), based upon his felony conviction in the United States District Court for the Southern District of Mississippi for filing a false currency reporting form as required by the IRS. United States v. McGuire, 99 F.3d 671 (5th Cir. *881 1996) (en banc), cert. denied, 520 U.S. 1251, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997). The following facts are taken from our opinion concerning McGuire's first Petition for Reinstatement:
McGuire was taped conspiring with purported drug trafficking clients (who were actually undercover agents) to accept cash payments in a manner shielding the source and purpose of the cash in violation of federal law. In the process he advised these purported drug dealers of routes of travel that they could use to avoid detection in their drug trafficking. Though McGuire was acquitted on other counts, he received the maximum sentence because he was involved in other money laundering schemes and he attempted to obstruct justice in his trial.
McGuire, 798 So.2d at 477.
¶ 2. The Mississippi Bar opposes McGuire's Petition for Reinstatement to the practice of law because it has serious doubts that McGuire has proven, by clear and convincing evidence, his rehabilitation and "firm resolve to live a correct life."

DISCUSSION
¶ 3. Rule 12 of the Rules of Discipline governs the reinstatement of suspended or disbarred attorneys.[1]Burgin v. Miss. State Bar, 453 So.2d 689, 690 (Miss. 1984). "The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner." Id., at 691 (citing Ex parte Marshall, 165 Miss. 523, 147 So. 791 (1933)). The fundamental question to be addressed before reinstatement is the attorney's rehabilitation in conduct and character since the disbarment. Burgin, 453 So.2d at 691 (citing Miss. State Bar Ass'n v. Wade, 250 Miss. 625, 167 So.2d 648 (1964)).
A court, in such a proceeding is not administering punishment; it is passing upon character. We do not believe it requires a long period to discipline and effect a rehabilitation of character. A firm resolve to live a correct life evidenced by outward manifestations sufficient to convince a reasonable mind clearly that the person has reformed is only required. In restoring a disbarred attorney, the principal question is whether that particular attorney would be safe to assist in administering justice, if readmitted; and the effect of his readmission upon the conduct of others, while important, is a subsidiary consideration. A man who has redeemed himself and become worthy to be readmitted should not be kept out of the profession to which, perhaps, he has devoted much of his life and means, because others might, possibly, be led to do evil.
Ex parte Marshall, 165 Miss. 523, 556, 147 So. 791, 798 (1933).
¶ 4. Certain jurisdictional requirements must be met prior to reinstatement. Those requirements are as follows:

*882 (1) Each petitioner must include a list of names and addresses of persons, parties, firms, or legal entities who suffered pecuniary loss due to the attorney's misconduct; (2) There must be a showing that the petitioner has made full amends and restitution or a statement to the effect that full amends and restitution is not appropriate or has been imposed; (3) The petitioner must show that he has the requisite moral character to be reinstated; and (4) The petitioner must show that he has the requisite legal learning to be reinstated to the privilege of practicing law.
Miss. R. Discipline 12.7. See also In re Morrison, 819 So.2d 1181, 1183-84 (Miss. 2001); In re Smith, 758 So.2d 396, 398 (Miss.1999); Burgin, 453 So.2d at 691.
1. Pecuniary Loss
¶ 5. Although the United States District Court for the Southern District of Mississippi did not order any type of restitution with regards to McGuire's criminal conviction, a $50,000.00 fine was imposed upon McGuire, and he was ordered to forfeit $20,000.00. McGuire has provided proof of such payment.
2. Full Amends
¶ 6. On February 15, 1995, McGuire was ordered to pay the Bar's costs and expenses involved in the investigation and prosecution of the disbarment proceedings. The costs and expenses, which amounted to $437.51, have been fully paid.
3. Requisite Moral Character
¶ 7. The Bar deposed McGuire on July 31, 2002, as part of its investigation of McGuire's Petition for Reinstatement. The following categories were considered in an attempt to provide this Court with information concerning McGuire's moral character.
A. Civic, Church and Charitable Involvement
¶ 8. McGuire testified that since his release from the federal correctional institution, he has engaged in several activities which serve his community. He regularly attends Gateway Methodist Church where he is an usher and church historian. McGuire taught a GED course for one semester, but he has not participated in the program since it has been taken over by the Hancock County High School. He has also contributed funds to several charitable foundations. McGuire testified he has been unable to participate in local charities due to the large number of volunteers already active.
B. Personal Recommendations
¶ 9. McGuire provided the Bar with thirty letters of recommendation. Eight of the letters were from Mississippi attorneys. One letter was from his minister at Gateway Methodist Church. The remaining letters were from friends and family. Several of these letters do not shed any light on McGuire's remorse regarding the crimes he committed, or even the extent of the seriousness of his offenses.
C. Mental and Emotional Status
¶ 10. The Bar noted that McGuire appeared to be mentally and emotionally stable during his deposition. McGuire testified that he was not suffering from any medical problems and was not taking any prescription medication.
D. Future Plans
¶ 11. McGuire testified that he has not worked for anyone other than himself since the time he has been released from incarceration. Since his release, McGuire has been earning an income "buying and selling property, rental income, receiv[ing] *883 royalties from my two lawbooks that I published many years ago, things of that nature." McGuire stated, if reinstated, he plans to reestablish his practice on the Mississippi Gulf Coast. He indicated he does not intend to represent anyone who is charged with a drug violation. McGuire stated if he were not reinstated he would most likely travel "overseas."
4. Requisite Legal Learning
¶ 12. McGuire testified that since his disbarment he has read various legal textbooks concerning legal matters which interest him. He worked in the law library while incarcerated in the Talladega facility and assisted in its upgrade. McGuire has also tried to keep up with developments in the law through periodic review of case decisions.
¶ 13. McGuire earned an LL.M. from the Universiteit Utrecht, which is located in Utrecht, Holland, in June 2000 in the field of law and economics. McGuire also took and passed the Multi-State Professional Responsibility Exam in March 2001.
¶ 14. Five years have passed since McGuire's disbarment, and he now petitions a second time for reinstatement of his license to practice law. McGuire asserts that he has performed all of the necessary requirements for reinstatement. As stated previously, the burden of proving rehabilitation and requisite moral character sufficient for reinstatement is upon the petitioner. Burgin, 453 So.2d at 691 (citing Ex parte Marshall, 165 Miss. 523, 147 So. 791 (1933)).
¶ 15. The Bar opposes McGuire's Petition for Reinstatement on the grounds that McGuire has not met his burden of proving rehabilitation or requisite moral character. The Bar states the details of McGuire's community service and admission of wrongdoing are minimal, at best, revealing a superficial appearance of rehabilitation. The Bar argues there was no evidence that McGuire demonstrated he has a "firm resolve to live a correct life." The Bar also finds it disheartening that McGuire has not been gainfully employed since his release; it contends that living off investments is not indicative of a rehabilitative character justifying reinstatement.
¶ 16. We agree with the Bar's assessment of McGuire's lack of rehabilitation. In denying McGuire's first petition for reinstatement, this Court stated:
McGuire has performed no acts of community service, has not fully admitted the consequences of his failings as an attorney, and has done little if anything to convince us that he has a "firm resolve to live a correct life." Williams [v. Miss. State Bar Ass'n], 492 So.2d [578], at 580 (Miss.1986).
McGuire, 798 So.2d at 480. We find McGuire has failed again to meet the burden of satisfying to this Court that he has rehabilitated himself. He continues to show no remorse for his actions. Many of the letters of recommendation which were submitted on McGuire's behalf do not acknowledge the gravity of his offenses, nor does McGuire's own petition. Although McGuire was convicted of filing a false IRS report, he was sentenced to the maximum penalty allowed after the judge determined his conduct in connection with the acquitted counts justified such a penalty. McGuire has given $100.00 to a few charities, but he has failed to become involved on a more personal level. His claim that several of these charities already have ample volunteers is unconvincing. His employment is minimal. Although McGuire argues self-employment should not be indicative of lacking industriousness, his testimony does not indicate his employment is steady.
*884 ¶ 17. McGuire's petition fails to provide clear and convincing evidence of rehabilitation justifying reinstatement. Therefore, we find McGuire's petition is again lacking in any proof that McGuire possesses a "firm resolve to live a correct life" which would justify this Court granting his petition and reinstating his license to practice law.

CONCLUSION
¶ 18. Because Jimmy D. McGuire has not met his burden of proof and has failed to satisfy the requirements of Rule 12 and the requirements set forth by this Court, this Court denies McGuire's second petition for reinstatement.
¶ 19. PETITION FOR REINSTATEMENT DENIED.
PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND GRAVES, JJ., CONCUR. DIAZ, J., CONCURS IN RESULT ONLY. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] Although of no moment in the case before us today, Rule 12 was amended by this Court on April 4, 2002, as follows:

(c) An attorney who has been disbarred for conviction of a felony criminal offense which occurred after April 4, 2002, in a court of this state or any other state, or a court of the United States for any felony crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, the sale or distribution of a controlled substance, or an attempt, conspiracy or solicitation of another to commit such a crime, shall be ineligible for reinstatement to the practice of law.