912 So.2d 902 (2005)
In the Matter of the Petition of Jimmy D. McGUIRE for Reinstatement to the Mississippi Bar.
No. 2004-BR-01250-SCT.
Supreme Court of Mississippi.
March 17, 2005.
*903 Chester D. Nicholson, Gail D. Nicholson, Gulfport, Attorneys for Appellant.
Adam Bradley Kilgore, Attorney for Appellee.
EN BANC.
CARLSON, Justice, for the Court:
¶ 1. This is Jimmy D. McGuire's third Petition for Reinstatement to the practice of law. See McGuire v. Miss. Bar, 849 So.2d 880 (Miss.2003) (McGuire III); McGuire v. Miss. Bar, 798 So.2d 476 (Miss.2001) (McGuire II). McGuire was disbarred in 1997, Miss. Bar v. McGuire, 694 So.2d 674 (Miss.1997) (McGuire I), based upon his felony conviction in the United States District Court for the Southern District of Mississippi for filing a false currency reporting form as required by the Internal Revenue Service. United States v. McGuire, 99 F.3d 671 (5th Cir.1996) (en banc), cert. denied, 520 U.S. 1251, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997). The following facts are taken from our opinion concerning McGuire's first Petition for Reinstatement:
McGuire was taped conspiring with purported drug trafficking clients (who were actually undercover agents) to accept cash payments in a manner shielding the source and purpose of the cash in violation of federal law. In the process he advised these purported drug dealers of routes of travel that they could use to avoid detection in their drug trafficking. Though McGuire was acquitted on other counts, he received the maximum sentence because he was involved in other money laundering schemes and he attempted to obstruct justice in his trial.
McGuire II, 798 So.2d at 477. The amount of illicit cash involved was $20,000. Id. at 479-80.
¶ 2. After a thorough review of the record before us, we find that Jimmy D. McGuire's petition for reinstatement should be granted, conditioned upon his passage of the Mississippi Bar Examination and the Multi-State Professional Responsibility Exam as required by M.R.D. 12.5.[1]

DISCUSSION
¶ 3. In McGuire's Second Petition for Reinstatement, we set out the proper standard of review for reinstatement of disbarred attorneys:
Rule 12 of the Rules of Discipline governs the reinstatement of suspended or disbarred attorneys.[[2]] Burgin v. Miss. *904 State Bar, 453 So.2d 689, 690 (Miss.1984). "The burden of proving that he has rehabilitated himself and re-established the requisite moral character sufficient to entitle him to reinstatement is upon the Petitioner." Id., at 691 (citing Ex parte Marshall, 165 Miss. 523, 147 So. 791 (1933)). The fundamental question to be addressed before reinstatement is the attorney's rehabilitation in conduct and character since the disbarment. Burgin, 453 So.2d at 691 (citing Miss. State Bar Ass'n v. Wade, 250 Miss. 625, 167 So.2d 648 (1964)).
McGuire III, 849 So.2d at 881. This Court has established that certain jurisdictional requirements must be met prior to reinstatement:
The petitioner must: (1) state the cause or causes for suspension or disbarment; (2) give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; (3) make full amends and restitution, (4) show that he has the necessary moral character for the practice of law; and (5) demonstrate the requisite legal education to be reinstated to the privilege of practicing law.
In re Benson, 890 So.2d, 888, 890 (Miss.2004). "Though not a jurisdictional requirement, we consider the Bar's position as to reinstatement as a factor in determining whether to grant the petition." Id. (citing In re Holleman, 826 So.2d 1243, 1248 (Miss.2002)).

1. Cause for Disbarment
¶ 4. In setting out the cause for disbarment, McGuire states with specificity the facts warranting his discipline. He further attaches the forms upon which his prosecution was based and the judgment of his conviction.

2. Pecuniary Loss
¶ 5. As stated in McGuire III, McGuire has provided proof that he has made all payments ordered by the United States District Court for the Southern District of Mississippi. 849 So.2d at 882.

3. Full Amends
¶ 6. As we also found in McGuire III, McGuire was ordered to pay the Bar's costs and expenses involved in the investigation and prosecution of the disbarment proceedings. The costs and expenses in the amount of $437.51 have been fully paid. Id. at 882.

4. Requisite Moral Character
¶ 7. The Bar deposed McGuire on August 23, 2004, as part of its investigation of McGuire's Petition for Reinstatement. The following categories were considered in an attempt to provide this Court with information concerning McGuire's moral character.

A. Civic, Church and Charitable Involvement

¶ 8. McGuire testified that he has engaged in several activities in service to his community. He is an active member of Gateway United Methodist Church in Gulfport, where he serves as an usher, church historian and Chairman of the finance committee. He has also volunteered for vacation bible school, is a member of the United Methodist's Men's group and has bribery, extortion, misappropriation, theft, the sale or distribution of a controlled substance, or an attempt, conspiracy or solicitation of another to commit such a crime, shall be ineligible for reinstatement to the practice of law. *905 recently become certified as a lay speaker in the Methodist Church.
¶ 9. McGuire is a volunteer with the M.L. Tootle Mission project, tutor and substitute teacher, and volunteer with Memorial Hospice. McGuire has also made charitable donations to Make-a-Wish Foundation, Alzheimer's Foundation, American Diabetes Association, Christopher Reeve Foundation, Habitat for Humanity and the Ocean Springs Honor Choir. McGuire testified that he spends approximately 10-14 hours per week doing charitable work, which he will continue to do if he is reinstated to the practice of law.

B. Personal Recommendations

¶ 10. McGuire attached approximately sixty-six letters of recommendation to his Petition for Reinstatement. These letters were from law enforcement officers, former and current Circuit and Chancery Clerk personnel, professional and business persons, and persons from McGuire's church. Approximately fifteen of the letters were from members of the Bar. Most of these letters acknowledged the severity of McGuire's conduct leading to his disbarment and his remorse regarding the crimes he committed.

C. Mental and Emotional Status

¶ 11. The Bar noted that McGuire appeared to be mentally and emotionally stable during his deposition. McGuire testified that he was not suffering from any medical problems except a torn biceps tendon which caused him to take a prescription medication. He also takes a prescription eyedrop to prevent glaucoma.

D. Future Plans

¶ 12. McGuire testified that he had not worked for anyone other than himself since his release from incarceration. He was supporting himself through financial investments. McGuire had also established a medical debt collection agency, Apollo Collections, Inc. McGuire stated that his future plans were to reestablish a practice on the Mississippi Gulf Coast, but that prior to doing so he would seek out a firm of reputable lawyers to work for so that he could be supervised and brought up to speed as to the practice of law. He also expressed an interest in serving as a public defender. He indicated he does not intend to represent anyone who is charged with a drug violation. McGuire further stated that he was considering entering a Ph.D. program at Temple University in constitutional law.

5. Requisite Legal Education
¶ 13. McGuire testified that since his disbarment he has read various legal textbooks concerning legal matters which interest him. He worked in the law library while incarcerated in the Talladega facility and assisted in its upgrade. McGuire has kept abreast of developments in the law through periodic review of case decisions.
¶ 14. McGuire earned an LL.M. from the Universiteit Utrecht, which is located in Utrecht, Holland, in June 2000 in the field of law and economics. McGuire also took and passed the Multi-State Professional Responsibility Exam in March 2001. McGuire testified that he has also participated in bar-review courses in anticipation of being able to sit for the Mississippi Bar Exam.

6. Position of the Bar
¶ 15. The Bar stated that the petition presented the necessary substantive factual evidence rising to the level of a clear and convincing demonstration of rehabilitation. Additionally, unlike the position taken in McGuire III where it unequivocally opposed McGuire's petition for reinstatement, the Bar now states that it conditionally supports McGuire's reinstatement to the practice of law subject to his taking the complete Mississippi *906 Bar Exam and achieving a passing score required of new attorneys.

7. Postscript
¶ 16. While we cannot totally disagree with the Bar's opinion that McGuire has evidently for the first time exhibited "genuine remorse" for his misconduct and has finally acknowledged the seriousness of his misconduct, we are more than a little disappointed with portions of McGuire's deposition testimony of August 23, 2004.[3] During his deposition, McGuire continued to characterize his actions as basically an exercise of bad judgment. McGuire continued to express ignorance over the fact that the large sum of money discussed with the undercover agents came from an illicit source. McGuire also continued to take the position that he was confused at the time as to how he should complete a simple IRS reporting form since an unknown third person handed the $20,000 to McGuire's client, who then in turn handed the money to McGuire. McGuire's position is belied by Judge Bramlette's statements on the record at the time he sentenced McGuire in federal court.[4]McGuire II, 798 So.2d at 479-80. McGuire's deposition response was:
There was never a representation that the money that they brought to me was from any illegal source whatsoever, only the inference that the money that they found in the car was from an illegal source. There was an inference to that, and I can see how the judge could draw that inference when he passed sentence on me.
¶ 17. A noted syndicated columnist once observed that we live in a "blameless society" in that we as mere human beings have a tendency to blame others for our transgressions  "blame anybody for my wrong acts, just don't blame me." Henceforth, we expect McGuire to accept full responsibility for his criminal actions  to be willing to be held fully accountable for his actions, past, present and future. McGuire should consider himself extremely fortunate. Had he committed this criminal act at a time when he was subjected to the applicability of the amended Rule 12 of the Rules of Discipline, he would have been ineligible for reinstatement to the practice of law.

CONCLUSION
¶ 18. The offense for which McGuire was disbarred was very serious. However, he has fulfilled all the requisite jurisdictional requirements for reinstatement and has demonstrated rehabilitation in conduct and moral character since the incident which led to his disbarment. Also, the Bar conditionally supports McGuire's reinstatement to the practice of law. For these reasons, Jimmy D. McGuire is reinstated to the practice of law in the State of Mississippi conditioned upon his passing the Mississippi Bar Exam and the Multi-State Professional Responsibility Exam prepared by the National Conference of Bar Examiners, as required by Rule 12.5 of the Mississippi Rules of Discipline.
¶ 19. PETITION FOR REINSTATEMENT TO THE PRACTICE OF LAW CONDITIONALLY GRANTED.
SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.
NOTES
[1] This Court recognizes that McGuire took and passed the MPRE on March 9, 2001. However, because those scores are only valid for three years, McGuire must retake the exam.
[2] Although of no moment in the case before us today, Rule 12 was amended by this Court on April 4, 2002, as follows:

(c) An attorney who has been disbarred for conviction of a felony criminal offense which occurred after April 4, 2002, in a court of this state or any other state, or a court of the United States for any felony crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bridbery, extortion, misappropriation, theft, the saleor distribution of a controlled substance, or an attempt, conspirancy or solicitation of another to commit such a crime, shall be ineligible for reinstatement to the practice of law.
[3] This deposition was taken at the request of the Bar as part of its investigatory duty concerning McGuire's petition for reinstatement.
[4] Honorable David C. Bramlette, III, United States District Judge for the Southern District of Mississippi, was McGuire's sentencing judge.